[No. 5742.]

CARTWRIGHT ET AL. v. RUFFIN.

1. **Pleading—Amendments to Answers—Liberality in Allowing.**
   Greater liberality is necessarily allowed in amending answers than in amending complaints, especially under code practice, and this liberality is sometimes extended to the admission of entirely new defenses.—P. 378.
2. **Appellate Practice — Pleadings—Amendments—Discretion of Court.**
   Amendments to pleadings are largely in the discretion of the trial judge, and, unless clearly abused, such discretion ordinarily will not be interfered with on appeal.—P. 379.

3.  Vendor and Purchasers—Contracts—Sale Distinguished from
        Agency.

   Plaintiff agreed in writing to sell defendant lands described
therein, subject to the approval of the owner, and the agreement
named the grantor and grantee and acknowledged an advance
payment, and defendant, in signing the agreement, referred to it
as a contract of sale.  Held, that such transaction constitutes a
sale, and the agreement does not make plaintiffs defendant's
agents.—P. 380.

*Appeal from the District Court of the City and
County of Denver.*
*Hon. P. L. Palmer, Judge.*

Action by Geo. E. Cartwright, Hans O. Cart-
wright and James E. Cartwright, doing business as
The Cartwright Investment Company, and Cart-
wright Brothers against Isaac W. Ruffin. From a
judgment for defendant, plaintiffs appeal.

.                                        *Reversed.*

Messrs. STOKES & SHERMAN, for appellants.

Mr. JESSE H. BLAIR, for appellee.

Mr. JUSTICE HELM delivered the opinion of the
court:

Two grounds for reversal are urged in this
cause, viz.: error of the court below in allowing the
answer to be amended setting up a new and different
defense; and error by that tribunal in recognizing a
contract of agency between appellants and appellee.

From necessity, greater liberality exists in al-
lowing amendments to answers than in amending
complaints. Plaintiff may always, in the absence of
a counter-claim or cross-complaint, dismiss his action
and begin anew; and, in any event, the case tried
upon the cause of action stated in his complaint and
an adverse decision thereon does not prevent him
from instituting a new suit on another different and
distinct cause of action. But the defendant is not so

fortunate. If by mistake he pleads an ineffective or insufficient defense, to say that he may not, by amendment, bring in a good defense, is to inflict a drastic penalty for his inadvertence or mistake; this penalty virtually denies him his day in court; for the judgment for plaintiff, which he is powerless to prevent, will preclude him, not only as to defenses pleaded, but also as to defenses which he might have pleaded but did not. Hence it is that, especially under code practice, the courts are more liberal in permitting the amendment of answers than in allowing the amendment of complaints; and this liberality is sometimes extended to the admission of entirely new defenses.

Of course conditions often arise where, notwithstanding the foregoing considerations, defendant should not be permitted to amend his answer. But, in connection with this pleading, as in the amendment of complaints, the subject is left largely to the discretion of the presiding judge. And, unless there appears to have been a plain abuse of such discretion, whether the objection arise in connection with the amendment of answers or of complaints, this court will ordinarily not interfere.

Recognition of the distinction above stated between amending complaints and amending answers, does away with nearly all of the seeming conflict among the authorities cited by counsel for the respective parties in this case. Much the larger proportion of those authorities deals with the amendment of complaints; and the language employed does not always recognize the greater latitude admitted in the amendment of answers.

There can be no doubt but that the defense first pleaded in the case at bar was abandoned, and that a wholly new defense was presented by the amendments to the answer, allowed. The original defense

was a general denial. It put in issue the execution and delivery of the note sued on; and it was under oath. The substituted defense was, that plaintiffs, while acting in the fiduciary capacity of agents in the employ of defendant, by misrepresentation and fraud induced defendant to execute the note and to otherwise act to his disadvantage and injury. The defense first alleged denied execution of the note, while the amended defense or defenses admitted such execution but denied liability on the ground of fraud.

The action of the trial court in this case in allowing such radical amendments of the answer, especially without a showing therefor by affidavit or otherwise and without imposing any terms or conditions, was certainly unusual. But we deem it unnecessary to consider or determine whether, in so doing, that court abused its discretion in the premises to such an extent as would justify interference by us; for the judgment entered below must be reversed upon the other ground above stated.

The liberally amended answer, upon which defendant finally went to trial, affirmatively declared in each of the three separate counts, that, when the note sued on was given, plaintiffs were the agents of defendant, employed by him for the purchase of the real estate in question; and, in like manner, this answer also affirmatively alleged three separate times that the writing set out *in haec verba* in each count constituted such contract of employment or agency. This agency is made the basis of the fraud relied on. It is not claimed in the pleading that the acts of plaintiffs constitute such a fraud as would entitle defendant to relief in the absence of the fiduciary relationship or agency thus averred.

But the written contract relied on as creating this agency performs no such office. It is a contract of sale pure and simple; appellants agree to sell and

appellee agrees to buy. It describes the property, specifies the terms, acknowledges the advance payment of $350.00 on the purchase price, and names the grantor and grantee. In signing or indorsing thereon his approval, appellee himself refers to it as "the above contract of sale." It names no one as agent, provides for no commissions, and contains none of the terms used in contracts creating agencies.

The expression therein, "subject to approval of owner" is explained by the fact that appellants, although they personally contracted to sell, were not the owners; they were relying upon a verbal option for the purchase of the realty by payment of the entire consideration in cash; and, through an abundance of caution, the owner not being legally bound, the language quoted was inserted. The importance of this precaution is shown by the fact that the appellant, G. E. Cartwright, after the contract was signed and he had conferred with the owner, 'phoned to appellee: "I have bought it in myself, and I beat another party about one"; showing, if we correctly understand the expression, that the owner was on the point of selling to someone else.

This writing was the only evidence offered for the purpose of establishing the contract of agency. And, considering the record in conjunction with the issue so made by the answer, we must conclude that the court erred in entering judgment for defendant. This is not an instance of conflicting evidence; for, as we have seen, the averment that appellants were thus appointed appellee's agents, is negatived by the contract itself. The judgment will be reversed.

*Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MAXWELL concur.