[No. 7447.]

CARTWRIGHT ET AL. V. FRESE.

1. PARTIES—*Plaintiffs ex Contractu*—Plaintiffs, real estate brokers, contracted in writing to make title to certain lands for a certain price, to be paid over upon the delivery of the conveyance. The owner approved the contract, the deed was delivered, and the owner received his price for the land. The broker is entitled to recover the residue of the sum named in the contract.

2. INTEREST—*From What Day Computed*—Where, an indebtedness being shown, the day of its maturity is not made clearly to appear, interest may be computed from the institution of the action.

*Error to Denver County Court.*—Hon. GEORGE W. DUNN, Judge.

Messrs. STOKES & SHERMAN, for plaintiffs in error.

No appearance for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court:

The plaintiffs in error brought suit before a justice of the peace against the defendant in error for what they claimed was the balance due on the purchase price of real estate. A contract had been entered into between the plaintiffs and defendant similar to the one construed in *Cartwright v. Ruffin,* 43 Colo. 377. A deed running from the owner to the defendant was delivered to the latter and he paid all the purchase price named in the contract except the amount of $181.19 claimed by the plaintiffs. The owner endorsed her approval of the contract on the back with a receipt for $50.00 on the day following its execution by plaintiffs and defendant. There is no dispute of any material fact. Plaintiffs claimed that the balance of the purchase money was theirs, to be recovered by them. The defendant claimed that the plaintiffs were agents of the owner and that the balance belonged to and was to be recovered by the owner. The owner made no claim to the money, she having received her price in full for the property, which was less than the purchase price mentioned in the contract.

After all the testimony had been introduced, the plaintiffs moved that the court instruct the jury to bring in a verdict in their favor, which was denied. A verdict for the plaintiffs should have been directed as prayed. There is no necessity for again construing the contract unless the opinion in the case of *Cartwright v. Ruffin, supra,* is to be reconsidered, and there is no reason why it should be. The contract was one of purchase and sale between the plaintiffs and defendant and plaintiffs were clearly entitled to the balance of the purchase money. The judgment is, therefore, reversed.

The defendant was to pay the purchase price when the deed was delivered to him. That date does not clearly appear

from the evidence. The suit in the justice court was commenced October 4, 1909, and the money was then due. The cause is, therefore, remanded with instructions to the county court to vacate its judgment and to enter another in favor of the plaintiffs for the sum of $181.19 together with legal interest thereon from the 4th day of October, 1909, and costs.

*Reversed and Remanded.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.