FLORENCE CHAPIN

v.

CHARLES NOTT et al.

*Opinion filed June 16, 1903.*

203   341
e208  4514

203   341
209   4236

203   341
214   1368
214   1369
e214  1371
203   341
e215  1210

1. DEEDS—*strict compliance with rule as to delivery is not required in voluntary settlement.* Strict compliance with the rule as to delivery of a deed is not required where the transaction is a voluntary settlement upon one in close relationship to the grantor, and the burden is on the adverse claimant to show there was no delivery.

2. SAME—*what a prima facie valid delivery.* Delivery of a recorded deed to the mother of the infant grantee without any reservation on the part of the grantor to re-possess it, the terms of the deed being beneficial to the grantee and imposing no burden upon her, is *prima facie* a valid delivery.

3. SAME—*delivery to first taker is a delivery to remainder-men.* The delivery of a deed to the first taker is a sufficient delivery to those named in the deed who are to take upon the happening of some future event.

4. SAME—*deed construed as passing vested remainder.* A deed to the grantee and the heirs of her body, and in the event of her death without issue the land to revert to three named persons in being, passes a vested remainder to such persons subject to defeasance by the birth of issue to the grantee, and if one of such persons dies before the grantee, her interest passes to her heirs.

5. SAME—*when deed does not limit a fee upon a fee.* A deed to the grantee and the heirs of her body, but if she dies without issue the land to revert to three named persons in being, does not limit a fee upon a fee, but is an alternative limitation of two concurrent fees upon the life estate.

6. REAL PROPERTY—*when remainder is vested.* If there is a person in being specifically designated who would have the immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate, the remainder is vested. (*City of Peoria* v. *Darst*, 101 Ill. 609, explained.)

APPEAL from the Circuit Court of Fulton county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

This was a bill for partition, filed in the circuit court of Fulton county by Charles Nott and Mary Fluke, against Jasper Berry, Sarah Miller, Florence Chapin

and Snowden Smith, administrator of the estate of Isaac Berry, deceased.

The bill alleged that complainants and said Jasper Berry and Sarah Miller were owners in fee, as tenants in common, of the south-west quarter of section 1, township 5, range 3, Fulton county, Illinois; that complainants each owned an undivided one-sixth and said Berry and Miller each an undivided one-third; that Florence Chapin had no interest in said land, but claimed an interest therein as heir-at-law of Isaac Berry, deceased, and also claimed an inchoate right of dower in part of said land; that on January 13, 1900, Isaac Berry, who was seized of said land in fee, made, executed, acknowledged and filed for record in the recorder's office of Fulton county a deed for said land to Maud Chapin, who was the daughter of Florence Chapin and grand-daughter of said Isaac Berry, and who was then a minor and unmarried; that said deed conveyed said land to said Maud Chapin and to the heirs of her body, if she have issue, but if said Maud Chapin died without issue, said land was to revert to Jasper Berry, Sarah Miller and Elizabeth V. Nott, and said Isaac Berry reserved a life estate in said land; that Elizabeth V. Nott died intestate May 2, 1900, Isaac Berry died April 18, 1901, and Maud Chapin died intestate May 2, 1901, aged fourteen years, without having had issue. Answers to the bill by defendants, and replication thereto, were duly filed, and the cause was referred to the master to take proof and report, with conclusions. The master found in favor of complainants, and to his report objections were filed, which were overruled and exceptions taken. The court entered a decree finding for complainants, and that the appellant had no interest in said land other than the inchoate right of dower in part thereof, which was conceded, and decreed partition as prayed, from which decree appellant prosecutes this appeal.

The body of the deed in question is as follows:

"This indenture witnesseth, that Isaac Berry, widower, of the county of Fulton and State of Illinois, for and in consideration of one dollar and natural love and affection, conveys and quit-claims to Maud Chapin and to the heirs of her body, if she has issue; in the event that the said Maud Chapin dies without issue, then the lands herein described are to revert to Jasper Berry, of Fulton county, Illinois, Mrs. Sadie Miller, of Fulton county, Illinois, and Mrs. Elizabeth V. Nott, formerly of Fulton county, Illinois, now of the State of Iowa, and to be divided in three equal shares between the above mentioned Jasper Berry, Mrs. Sadie Miller and Mrs. Elizabeth V. Nott. Now, the grantor, Isaac Berry, hereby conveys, as aforesaid, all interest in the following described real estate, to-wit: The south-west quarter of section 1, township 5, north, range 3, east of the fourth principal meridian. The grantor herein reserves unto himself a life estate in and to said lands, and full power to enjoy the use and occupation thereof, and all the rents, issues and profits arising therefrom, this reservation being a part of the consideration of this conveyance. Above described land being situated in the county of Fulton and State of Illinois.

"Dated this 13th day of January, A. D. 1900.

ISAAC BERRY.   [Seal.]"

LUCIEN GRAY, for appellant:

To constitute delivery of a deed it must clearly appear that it was the intention of the grantor that the deed should pass the title at the time and that he should lose all control over it. A deed for land must take effect upon its execution and delivery, or not at all. *Bovee* v. *Hinde*, 135 Ill. 137; *Wilson* v. *Wilson*, 158 id. 567; *Hawes* v. *Hawes*, 177 id. 409.

Merely handing a deed to a grantee is not a delivery thereof, unless it appears the grantor intended to pass title at the time and that he should lose control over it. *Bovee* v. *Hinde*, 135 Ill. 137; *Wilson* v. *Wilson*, 158 id. 567.

A deed delivered to one of two grantees named therein, without saying anything of the other, is void as to the latter. *Hannah* v. *Swarner*, 34 Am. Dec. 442.

Acceptance by the grantee is a constituent element of the delivery of a deed. *Kingsbury* v. *Burnside,* 58 Ill. 310; *Moore* v. *Flynn,* 135 id. 74; *Brady* v. *Huber,* 197 id. 291; *Dagley* v. *Black,* id. 53.

The presumption that a party will accept a deed because he is to be benefited thereby is never carried so far as to consider him as having accepted it. *Hulick* v. *Scovil,* 4 Gilm. 159.

Where two remainders are limited alternately on the same event, by the happening of which one is to vest in exclusion of the other, both are contingent remainders. *Peoria* v. *Darst,* 101 Ill. 609.

A devise to a daughter and to the heirs of her body and their heirs, and in case the daughter dies without issue then to the brothers and sisters of testator, gives the daughter a simple life estate, with remainder over to the heirs of her body in fee simple absolute. *Blair* v. *Vanblarcum,* 71 Ill. 290; *Lewis* v. *Pleasants,* 143 id. 271.

A fee cannot be limited upon a fee. *Peoria* v. *Darst,* 101 Ill. 609.

H. W. MASTERS, for appellees Jasper Berry and Sarah A. Miller:

Acceptance of a deed in the case of a minor grantee is presumed. The law accepts it for the minor if for his benefit. 3 Wait's Actions and Defenses, 497; *Masterson* v. *Cheek,* 23 Ill. 73; *Reed* v. *Douthit,* 62 id. 348; *Jordan* v. *Davis,* 108 id. 336; *Walker* v. *Walker,* 42 id. 311; *Otis* v. *Beckwith,* 49 id. 121; *Douglas* v. *West,* 140 id. 455.

The intention of the parties is the essence of the delivery. *Bryan* v. *Wash,* 2 Gilm. 557; *Oliver* v. *Oliver,* 149 Ill. 545; *Rodemeier* v. *Brown,* 169 id. 347.

Where a grantee's estate is defeasible on an event, on the happening of which the estate is to go over to others, a delivery of the deed to the first grantee is sufficient for all who take an interest under it. *Rupert* v. *Penner,* 17 L. R. A. 824; *Folk* v. *Varn,* 9 Rich. Eq. 303.

Where the grantee is under legal disabilities, as in the case of infant grantees, the presumption of assent becomes a rule of law, and knowledge of the conveyance and of its delivery is not essential. *Baker* v. *Haskell*, 47 N. H. 479.

WORLEY & KEEFER, and H. M. WAGGONER, for appellees Charles Nott and Mary Fluke:

When there is doubt whether a remainder is vested or contingent, courts incline to construe it vested. Tiedeman on Real Prop. sec. 401; 2 Washburn on Real Prop. (5th ed.) 596; *Chapin* v. *Crow*, 147 Ill. 222.

In Illinois a conveyance of real estate not to take effect till a future time, is good without an intermediate estate, since livery of seizin is abolished. *Kelley* v. *Parker*, 181 Ill. 49; *Harshbarger* v. *Carroll*, 163 id. 636; *Shackleford* v. *Sebree*, 86 id. 616.

Under statute *de donis* the reversion in fee was in the grantor on default of issue. Tiedeman on Real Prop. 385; 2 Washburn on Real Prop. 737, 738; Williams on Real Prop. 252.

Words of inheritance were not necessary to give the fee to the remainder-men. Conveyance act, sec. 13.

A limitation over in a deed upon death without issue is valid. *Seymour* v. *Bowles*, 172 Ill. 521.

Mr. JUSTICE RICKS delivered the opinion of the court:

In this case the proof indisputably shows that Isaac Berry, the grantor, was seized of the land in question, subject to an inchoate right of dower of his daughter, Florence Chapin, appellant here, in a small portion of it; that he was seventy-four years of age, a widower, and that appellant was his only child; that he was seized of an estate consisting of the land in question and other real estate and about $10,000 in money; that appellant resided at Pine Bluff, North Carolina, with her husband, and that Isaac Berry resided at Lewiston, in Illinois;

that appellant had one child, named Maud, and that appellant and her child were the only direct heirs of Isaac Berry; that a portion of the time the appellant and her daughter spent at Lewiston, and when there, lived with the grantor; that the property in question was called the "home farm;" that on January 13, 1900, Isaac Berry concluded to convey most of his real estate to his daughter and grand-daughter, and to that end caused two deeds to be prepared, one to the daughter, the appellant, for certain lands, and the other to his grand-daughter, Maud Chapin; that these deeds were made in contemplation of a visit to his daughter and grand-daughter at their home in North Carolina, and were properly acknowledged and filed for record on January 16, 1900; that when they were filed for record the grantor learned that he could not get them in time to take them with him on his contemplated visit, and directed that they be recorded, he paying the fee therefor, and mailed to him at the home of his daughter, which was done; that while there he delivered the two deeds to appellant, who retained the same until they were produced by her at the hearing of this case, pursuant to notice for that purpose. The evidence further discloses that on his return from his visit to his daughter the grantor told a number of persons that he had conveyed his real estate to his daughter and grand-daughter; that he had conveyed to his grand-daughter, Maud, the "home farm."

Appellant now urges and relies upon three grounds for reversal of the decree of the circuit court. The first ground is, that there was no sufficient delivery of the deed to effect a conveyance of the land to Maud Chapin. In view of the condition of the grantor's family, and the extent of his estate and the manner of the conveyances made, at the time the deed in question was made and delivered to the persons to whom and for whose benefit it was made, it would seem the only reasonable inference that can be drawn from the transaction is, that it was a

voluntary settlement of his property upon his nearest of kin, and when the question involved is one of voluntary settlement on those standing in close relationship, the same formality and strict compliance with the rule as to delivery is not required. The law has a regard for the relationship of the parties and the motives that are presumed to dictate such conveyances, and the degree of confidence which the parties, standing in such relation, as donors and donees of valuable property, are presumed to have, and in such case the presumption of law is that there was a delivery, and when brought in question the burden is upon the grantor, or those claiming adversely to the donee or beneficiary, to show clearly that there was no delivery. (*Bryan* v. *Wash*, 2 Gilm. 557.) When Isaac Berry delivered these deeds to appellant, Maud Chapin, the first taker in the deed made to her, was an infant of thirteen years, and resided with her mother, appellant. There is not the slightest evidence even tending to show that at the time the deed was placed of record and delivered to appellant it was with any understanding that the delivery was temporary or for any other purpose than to vest title in the donee therein named, or that there was any reservation on the part of the grantor of the right to re-possess it or in any manner to have any further or future control over it, and in view of the infancy of Maud Chapin, and the further fact that the terms of the deed were beneficial to her, conferring a benefit without imposing any burden, the law would presume that she assented to such conveyance and accepted the terms thereof, and such presumption would prevail until the contrary was proven. (*Robbins* v. *Roscoe*, 120 N. C. 79; 38 L. R. A. 238.) In the case last cited it is said: "The principle is, that when the maker of a deed delivers it to some third party for the grantee, parting with the possession of it, without any condition or direction to hold it for him and without in some way reserving the right to re-possess it, the delivery is complete and the

title passes at once, although the grantee may be ignorant of the facts, and no subsequent acts of the grantor or any one else can defeat the effect of such delivery. * * * When the maker of a deed parts from the possession of it to anybody there is a presumption that it was delivered as a deed for the benefit of the grantee, and it is for the maker to show that it was on condition, as an escrow. Such a delivery to a third person is good and the deed presently operates, and infants may assent to such a deed to themselves, and their assent is presumed until the contrary appears. * * * A delivery of a deed is, in fact, its tradition from the maker to the person to whom it is made, or to some person for his use, * * * for his acceptance is presumed until the contrary is shown. It being for his interest, the presumption is, not that he will accept, but that he does."

It is next urged that if the delivery to appellant can be held good so far as the deed purported to convey an interest in the land to Maud Chapin, still, as to the remainder-men, to whom the title now passes by virtue of the deed, it was not a delivery, as, it is said, they had no knowledge of it and had no opportunity to accept or reject. This latter insistence is more especially applied to appellees Charles Nott and Mary Fluke, who take in right of their mother, Elizabeth Nott. It is the assertion of a new and strange doctrine that a deed properly delivered to the first taker would not be a sufficient delivery for the benefit of all remainder-men. It seems hardly possible that appellant can be in earnest in the insistence that if a conveyance is made to A for life with remainder to twenty or thirty other persons named in the deed, before a sufficient delivery is made each remainder-man must be sought and his assent thereto obtained. Upon this question the text books are agreed, and Mr. Washburn, in his work on Real Property, (5th ed. vol. 3, p. 316,) says: "Where the deed conveys an estate to one which is defeasible upon contingency, and the same is there-

upon to go over to another as a contingent limitation, or there is a contingent remainder limited after the expiration of a particular estate, a delivery of the deed to the first taker is a delivery as to all who may be to take under it, and a remainder-man may take under a deed poll delivered to the tenant of the particular estate though a stranger to the deed."

The next contention is, that the court erred in construing the deed in question and finding that the complainants in the bill, the appellees Fluke and Nott, had each a one-sixth interest in the land, or had any interest therein. The language of the deed is: "In the event that the said Maud Chapin dies without issue, then the lands herein described are to revert to Jasper Berry, of, etc., Mrs. Sadie Miller, of, etc., and Mrs. Elizabeth V. Nott, etc., to be divided in three equal shares between the above mentioned Jasper Berry, Mrs. Sadie Miller and Mrs. Elizabeth V. Nott." Appellant says there are no words indicating the intention of the grantor to pass a present interest in the land to Elizabeth V. Nott or that her heirs could represent her. It is true that the deed does not contain the statement that the interest of Elizabeth V. Nott was or should be a vested interest, and if she did take any interest in the land at the delivery of the deed that interest must be found as a matter of construction of the deed. In construing deeds or conveyances the intention of a grantor is to be looked to, and it must be found in the deed, and in doing so well known rules of interpretation are applied. Elizabeth V. Nott died before the grantor but after the delivery of the deed, and if she was vested with an interest in the land that interest passed to appellees Nott and Fluke as her heirs-at-law, as they were her only children and only heirs. The question then presented is, what was the effect of the deed as to conveying any present interest in the land to Elizabeth V. Nott, or was her interest merely a contingent interest? Appellant says that she was to

have an interest only in the event that Maud Chapin died without issue.

· The rule as established in this State is: "A vested remainder is an estate to take effect after another estate for years, life or in tail, which is so limited that if that particular estate were to expire or end in any way at the present time, some certain person who was *in esse* and answered the description of the remainder-man during the continuance of the particular estate would thereupon become entitled to the immediate possession, irrespective of the concurrence of any collateral contingency. * * * A remainder limited upon an estate tail is held to be vested, though it must be uncertain whether it will ever take place." (*Boatman* v. *Boatman*, 198 Ill. 414.) By the deed under consideration a life estate was given to Maud Chapin with a remainder to her bodily heirs, if any, and in default thereof to the three persons named in the deed as remainder-men. At the making and delivery of the deed these three persons were *in esse*, were specifically named and were entitled to the immediate possession of the estate upon the termination of the life estate, irrespective of the concurrence of any collateral contingency. In the case of *Boatman* v. *Boatman, supra,* the residuary clause of the will provided that Emery Boatman, a son of the donor, should have certain lands for his life, and if he died leaving any child or children surviving him, then said land should go to such child or children, and if he should die leaving no child or children surviving him, then said lands should go to his brothers and sisters. Emery Boatman died without issue him surviving. Clarence Boatman, another son, died before Emery and after the death of the testator. He left no will and left no children, but left a widow him surviving. The question was whether the widow, as heir under our statute, took an undivided half of the share of land that would go to Clarence under the will. We there held that the interest of Clarence in the land was a vested interest, and that

by his death his widow inherited one-half of that interest. If the grantor in the deed in question had not disposed of the remainder beyond the children that should be born of the body of Maud Chapin, the fee would have remained in the grantor until his death and then would have descended to his heirs, subject to the possibility of being divested by the birth of issue to Maud; (*Harrison* v. *Weatherby*, 180 Ill. 418; *Peterson* v. *Jackson*, 196 id. 40;) but as the grantor designated certain persons to take the estate that would have reverted to him or his heirs-at-law in the event of the failure of issue of the body of Maud Chapin, and those so designated being *in esse*, the fee in the land vested in the remainder-men *in esse* and named, subject to defeasance by the birth of such issue, (*Harrison* v. *Weatherby*, *supra*,) and while so vested, Elizabeth Nott, one of the remainder-men, having died, her interest passed to her children, appellees Fluke and Nott.

Appellant further says that if the deed in question shall be held to pass a present interest in the land to Elizabeth Nott, then it contravenes the rule that a fee cannot be limited upon a fee by deed. We think it clear that this deed does not attempt to limit a fee upon a fee, but that it contains an alternative limitation of two fees upon the life estate. There is no fee to be determined before the other fee shall take effect. The fees are concurrent, and the determination of which shall take effect is dependent upon a single event, namely, the death of the life tenant, Maud Chapin. Of such conveyances Mr. Washburn, in his treatise on Real Property, (5th ed. vol. 2, p. 625,) says: "Notwithstanding a remainder limited after a remainder in fee would be void, as has been often repeated, yet two remainders may be so limited, though each a fee, as to be good, provided this is so done that only one is to take effect, the one being a substitute for and not subsequent to the other. The consequence is, that if the first takes effect and becomes vested, the other at once becomes void. Such limitation is said to be of

a fee with a double aspect. A case illustrative of this proposition is that of *Luddington* v. *Kime*, 5 Ld. Raym. 203, where the devise was to A for life, and if he had male issue, then to such issue and his heirs, but if A died without issue male, then to T. B. in fee. Here are two remainders contingent in their character and both in fee, dependent upon the same particular estate, and to take effect, if at all, upon the determination of that estate, and only one of these can take effect."

Appellant, doubtless relying upon the above expression, "here are two remainders contingent in their character," appearing in the above illustration, insists that if it be held that the provision of the deed in question comes within the rule authorizing a fee with a double aspect to be conveyed by deed, then it must necessarily follow that both the remainders in the deed in question were contingent, and cites in support thereof *City of Peoria* v. *Darst*, 101 Ill. 609. We do not think that case decisive of the question here presented. In that case there was a grant to Mary Clark for life, with remainder to Helen and George Morton in fee simple. The deed contained the further provision that if both George and Mary Morton should die before the life tenant and leave no child or children, then at the death of the life tenant the title should vest in the city of Peoria, or if George and Mary Morton, or either of them, should survive the life tenant without making any disposition of the property, by will or otherwise, the property should go to the city of Peoria. The contention there was that the grant, by its terms, to George and Mary Morton was in fee absolute and that the other provision of the deed could have no effect. That was the question then before the court; but whatever was said in that case, this court is now committed to the doctrine that when there is a person in being, specifically designated, who would have a right to the possession of the lands upon the ceasing of the intermediate or precedent estate, in such case the re-

mainder is a vested one. *Smith* v. *West,* 103 Ill. 332; *Cheney* v. *Teese,* 108 id. 473; *Scofield* v. *Olcott,* 120 id. 362; *Lehndorf* v. *Cope,* 122 id. 317; *Haward* v. *Peavey,* 128 id. 430; *Siddons* v. *Cockrell,* 131 id. 653; *Boatman* v. *Boatman, supra.*

The circuit court of Fulton county properly construed the deed and determined the rights of the parties, and its decree is affirmed.    *Decree affirmed.*