[No. 5387.]
[No. 3038 C. A.]

## MITCHELL v. MITCHELL.

1. **Appellate Practice — Equity Proceedings — Aid of Jury — Alleged Misconduct—Harmless Error.**

   In an action to cancel a deed on the ground of forgery, and its record, the court submitted to a jury the question of whether the plaintiff signed the deed, and its finding was in the negative. Held, that it is a sufficient answer to complaints of various rulings on the evidence, misconduct of the jury, and failure to submit interrogatories, that the court, although calling to its aid the jury, was not bound by its findings, and, in addition, that the court not only approved the jury's findings, but also made one of its own that plaintiff's name was a forgery.—P. 74.

2. **Appellate Practice—Evidence—Sufficiency.**

   Where, upon appeal by the defendant, an examination of the record discloses that the evidence, upon the assumption that the court believed the plaintiff's witnesses, is abundantly sufficient to support the finding, such finding will not be disturbed on appeal.—P. 74.

3. **Conveyances—Acknowledgment of Deed—Allegation of Forgery—Proof—Sufficiency.**

   In an action for the cancellation of a deed on the ground that the certificate of acknowledgment was forged, the proof should be decisive, explicit and clear.—P. 75.

4. **Cancellation of Instruments—Pleading—Defense.**

   In an action to cancel a deed as a forgery, and its record, it cannot be pleaded as a defense or as a ground for affirmative relief that plaintiff held title to the land in trust for defendant, in that defendant paid the purchase money and took title in plaintiff's name as a matter of convenience.—P. 75.

*Appeal from the District Court of the City and County of Denver.*

*Hon. P. L. Palmer, Judge.*

Action by Nellie Mitchell against Walter C. Mitchell. From a judgment for plaintiff, defendant appeals. *Affirmed.*

Mr. GEO. W. TAYLOR, for appellant.

Messrs. O'DONNELL, TONEY & GRAHAM, and Mr. R. T. McNEAL, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action to cancel a deed. The parties are husband and wife. The plaintiff wife in her complaint says that she has title acquired by tax deed from the county treasurer to certain real estate; that her husband, the defendant, caused to be recorded in the office of the county clerk and recorder an instrument in writing purporting to be a quit-claim deed signed and acknowledged by her conveying the same property to him. Plaintiff alleges that she never signed or acknowledged or delivered the deed, that her signature thereto is false and forged, and the certificate of acknowledgement is either a forgery or put to the instrument without her knowledge or consent, and without her having appeared before the acknowledging officer. It further being charged that the alleged forged instrument is still in the possession of the county clerk and recorder and bears on its face evidence of forgery, the plaintiff prays that the officer be restrained from delivering it to defendant, and defendant from receiving it, and that, upon final hearing, it be canceled and its record held for naught.

The answer denies the material averments of the complaint, and in the original answer, large portions of which were, on plaintiff's motion, stricken, and in the amended answer, which met with a similar order, the defendant sets out, as a defense and also by cross-complaint, that the tax-title deed to the

plaintiff and under which she claims, and whatever interest she has in that and other property, is held in trust for the defendant, resulting from the fact that he paid the purchase money and expenses and took title to all such lands in plaintiff's name as a matter of convenience. Defendant prays to have plaintiff's action dismissed, and as affirmative relief to have the lands in question, as well as other lands, declared to be trust property, and that she be ordered to convey the same to him. The findings were in plaintiff's favor and a decree passed canceling the record of the deed. Defendant appeals.

1. The cause of action is equitable in its nature. The court called to its aid a jury and submitted to it but one question—whether the plaintiff had signed the deed purporting to convey away her title to the defendant—which was answered in the negative. The defendant complains of various rulings of the court in relation to the evidence, to alleged misconduct of the jury, and failure of the court to submit interrogatories tendered by him. A sufficient answer is that the court, although it might, as, in fact, it did, call to its aid a jury, is not bound by their finding, but might, if it saw fit, disregard the same and make findings of its own. The court, however, not only approved the jury's finding, but made one of its own that plaintiff's name was forged to the deed and certificate of acknowledgment. There is no merit in defendant's assignments upon this branch of the case.

2. The principal objection to the decree which the defendant urges on this review is that there was not sufficient evidence of the forgery charged. An examination of the record discloses that the evidence, upon the assumption that the court believed the plaintiff's witnesses, is abundantly sufficient to a moral

certainty to show that plaintiff's name was forged to the deed.

3. It is also argued that the proof is likewise defective in that it was not made sufficiently to appear that the certificate of acknowledgement was forged. The proof should be decisive, explicit and clear upon this point. Plaintiff positively denies that she ever signed or acknowledged the deed, or authorized any one to do either act for her, and several experts declared that her signature was forged. The defendant and one of his own witnesses in testifying to the alleged act of plaintiff in signing the deed do not claim that the notary was then present, though the certificate says that the acknowledgement was taken at that time. Indeed, defendant makes no contention, except in argument, that the plaintiff ever acknowledged the deed. No such issue seems to have been raised at the trial. Besides, it appears in the defendant's pleading that, in such business transactions between him and his wife, it was customary for him to produce for her signature blank deeds to which certificates of acknowledgement had theretofore been prepared, and afterwards to insert in the body of the deed a description of the property intended to be conveyed. The court was fully warranted in finding that the signature to the deed and the certificate of acknowledgement were forgeries.

4. There is no merit to the point that the tax deed was not delivered to plaintiff. Defendant himself says that he received the deed and caused it to be recorded—but for the purpose considered in the next assignment.

5. This assignment is that the court struck from defendant's pleadings, and refused his offer of proof to show, not only as a defense but as new matter

entitling him to an affirmative decree, that plaintiff held title to this and other property in trust for his benefit. The object of the action is not to establish plaintiff's title to lands, or to quiet it, but to cancel the record of a forged deed purporting to convey it. The cause of action is based upon defendant's wrong, on a tort committed by him against her, not on a breach of contract. The matters set up, which the defendant claims to be a defense and also entitle him to equitable relief, did not grow out of the transaction set up in the complaint. No cause of action arising out of contract is alleged in the complaint; hence, any other cause of action arising also upon contract and existing in favor of the defendant at the time of the commencement of the action was not proper to be inserted in the answer, either as a defense or as ground for affirmative relief. The only effect of the decree is to cancel the record of the forged deed. It would be a novel doctrine to hold that one who is the equitable owner of property, the legal title to which is in another, may, in order to get the legal title in himself, forge the name of the legal owner to a deed purporting to convey it. If the plaintiff holds this and other property of defendant in trust, the defendant is at liberty to establish, if he can, his rights in the proper forum and in an appropriate, but not in the pending, action.

The conclusions which we have reached seem so fundamental and elemental that we have not cited cases in their support. Perceiving no prejudicial error in the record, the judgment is affirmed.

*Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.