HENRY W. RIEGEL, Plaintiff in Error, *vs.* EDITH L. RIE-
GEL *et al.* Defendants in Error.

*Opinion filed February 16, 1910.*

1. DEEDS—*delivery is essential to make a deed operative.* A
delivery is essential to render a deed operative and give it force
as a conveyance, but no particular ceremony is necessary to con-
stitute a delivery, and it may be by acts without words or words
without acts, or both; and anything which clearly manifests an
intention by the grantor that the deed shall at once become opera-
tive to vest the estate in the grantee constitutes sufficient delivery.

2. SAME—*presumption is in favor of delivery of voluntary con-
veyance.* The presumption in favor of delivery of a deed of vol-
untary settlement, particularly where the grantee is an infant, is
much stronger than in case of an ordinary deed of bargain and
sale, and the burden of proof is upon one claiming adversely to
show that there was no delivery.

3. SAME—*deed of voluntary settlement may be effective to pass
title though retained in grantor's possession.* A deed of voluntary
settlement may be effective to pass title although it is retained in
the grantor's possession until his death, if other circumstances do
not show an intention contrary to that expressed in the deed.

4. SAME—*the grantor may deliver deed to the grantee or to a
stranger.* The grantor may deliver the deed to the grantee or to
a stranger for his use, and an acceptance by the grantee will be
presumed from the fact that the deed is for his benefit, particularly
where the grantee is an infant.

5. SAME—*test in all cases is intent with which acts are done.*
In all cases in which acts are relied upon as an equivalent for an
actual delivery the test is the intent with which the acts are done,
and in determining whether a deed of voluntary settlement has
been delivered the grantor's intention to vest title in the grantee
is regarded as more important than manual possession of the deed.

6. SAME—*when presumption in favor of deed of voluntary set-
tlement is overcome.* The presumption in favor of the delivery of
a deed of voluntary settlement is overcome if there are other cir-
cumstances besides the retention of the deed by the grantor which
show that he did not intend the deed to operate immediately.

7. SAME—*fact that deed reserves life estate in grantor is a cir-
cumstance in favor of delivery.* The fact that a deed of volun-
tary settlement reserves a life estate in the grantor raises a strong
presumption that it was intended the title should immediately vest

in the remainder-men, otherwise there would be no necessity for the reservation.

8. SAME—*delivery to a life tenant is a delivery to remainder-men.* Where a deed conveys land to the grantor's daughter with remainder to her infant children,· subject to a life estate in the grantor and his wife, who had previously a mere inchoate right of dower, delivery of the deed to the grantor's wife with directions to take care of it may be regarded, in the absence of proof of any inconsistent circumstances, as a delivery to her as a life tenant and for the benefit of the remainder-men.

9. SAME—*when deed must be regarded as delivered.* A deed of voluntary settlement from a father to his daughter and her minor children, reserving a life estate in the grantor and his wife, must be regarded as well delivered, where it was given by the grantor to his wife, who kept it in her control where it was not accessible to the grantor, who never mentioned the matter to her again, and where there was no circumstance proven tending to overcome the presumption that he intended the deed to become effective at once.

10. SAME—*what does not raise any presumption as to the grantor's intention.* The fact that the ·grantor's wife, to whom he had . handed a deed with directions to take care of it, testifies that if he had asked her for the deed she would have given it to him because she could not have done anything else, raises no presumption as to the grantor's intention.

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. A. W. LEWIS, Judge, presiding.

WHITLEY & SOMERS, for plaintiff in error.

W. F. SCOTT, for defendants in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The sole question presented for decision in this case is whether a deed signed and acknowledged by Solomon Riegel and Edith L. Riegel, his wife, was delivered 'so as to become operative as a conveyance. That question was raised by a bill in equity filed in the circuit court of Saline county by Henry W. Riegel, plaintiff in error, against

the widow and other heirs-at-law of said Solomon Riegel, the defendants in error, for the assignment of homestead and dower and partition of the premises described in the deed. The bill alleged that the deed was never delivered, and that the complainant was entitled, by inheritance, to an undivided one-half of said premises as heir-at-law of his father, Solomon Riegel, subject to the homestead and dower of the widow. Solomon Quinn and Maud Quinn, two of the defendants, who claimed the remainder· after the life estate of the widow by virtue of the deed, answered, alleging that the deed was delivered and denying that complainant had any title, the answer of Maud Quinn, a minor, being filed by her guardian *ad litem.* The court heard the evidence which was taken before a master in chancery, and decided that the deed was delivered and dismissed the bill at the costs of complainant. The record has been brought into this court by writ of error.

The facts are not in dispute and are as follows: Solomon Riegel had two children, Henry W. Riegel, the complainant, and Mary C. Quinn, now deceased. He gave to each of them a farm of sixty acres for a home. Mary C. Quinn and her husband separated about the year 1902. They had four children,—Henry, Charles, Solomon and Maud,—and just before the separation they conveyed the farm which was given to Mary, to Henry and Charles, the two oldest. About that time Solomon Riegel told a friend that he had helped his son, Henry, the complainant, and his daughter, Mary, but that Mary had lost her home or it was in such shape that the two oldest boys would get it, and he wanted to fix his business so that Mary would have a home and at her death it would go to Solomon and Maud. Afterward he disposed of his farm and acquired property in the village of Galatia, consisting of the five lots described in the deed, on one of which he lived, and a house and lot across the street from them. He was living with Edith L. Riegel, who was his third wife and not re-

lated to the children except by marriage. He conveyed to his wife the house and lot not included in this deed, and on April 15, 1905, he went with her to a notary and had the deed in question drawn up. It is a warranty deed in the statutory form, conveying the five lots to Mary C. Quinn, and at her death to Solomon Quinn and Maud Quinn, who were her minor children, reserving a life estate to the grantors, Solomon Riegel and Edith L. Riegel, his wife. When the deed was signed and acknowledged the notary handed it to Solomon Riegel, who gave it to his wife when they got home and told her to take it and take care of it. She took the deed and put it in the till or tray of her trunk, which she kept locked, and no other person had access to it. Solomon Riegel had a little box in which he kept his deeds, notes and papers and which was kept in the same till of the trunk, but the deed was not put in that box. When anyone came to pay interest, the wife, who carried the key, would unlock the trunk and give the box to her husband, and when he got through with it he would give it back to her and she would put it in the trunk and lock it up. Before they went to the notary Solomon Riegel told his wife that he wanted Solomon and Maud to have a home there and wanted them to have the property, but he never mentioned the matter afterward and never said anything to her about the deed. He stated to different persons, after the deed was made, that his daughter, Mary, had deeded her place to the two older children, and that he meant for Solomon and Maud to have her part of his estate, and that when he and his wife were done with the property it went to Mary C. Quinn and at her death to Solomon and Maud. Mary C. Quinn died on January 23, 1908, and Solomon Riegel died May 21, 1908. The deed remained in the trunk until after the death of Solomon Riegel, when the widow took it out and showed it to Solomon Quinn. He and his sister, Maud, were still minors but he became of age soon afterward. About June 7, 1908,

the widow delivered the deed to a messenger sent by Solomon and it was put on record and was then returned to her. She said when she delivered the deed to the messenger that she was afraid there would be trouble about it, but she complied with the request and gave it to the messenger.

A delivery is essential to render a deed operative and give it force as a conveyance. (*Wiggins* v. *Lusk,* 12 Ill. 132; *Skinner* v. *Baker,* 79 id. 496; *Lanphier* v. *Desmond,* 187 id. 370; *Noble* v. *Tipton,* 219 id. 182.) No particular form or ceremony is necessary to constitute such delivery. It may be by acts without words or words without acts, or both. Anything which clearly manifests the intention of the grantor that the deed shall presently become operative and effectual, that the grantor loses all control over it and that the grantee is to become possessed of the estate, constitutes a sufficient delivery. In the case of a deed which is a voluntary settlement the law presumes much more in favor of a delivery than it does in ordinary cases of deeds of bargain and sale, and this presumption is especially strong when the grantee is an infant. As to such a deed the presumption is in favor of delivery, and the burden of proof is on one claiming adversely to show that there was no delivery. (*Bryan* v. *Wash,* 2 Gilm. 557.) The law has regard to the relationship of the parties and the motives that are presumed to induce the making of such a deed, and casts the burden upon the grantor, or those who claim under him, to show that there was no delivery. (*Chapin* v. *Nott,* 203 Ill. 341.) A deed made as a voluntary settlement may be effective to vest title in the grantee although it is retained by the grantor in his possession until his death, if other circumstances do not show an intention contrary to that expressed on the face of the deed. The grantor may deliver the deed either to the grantee or to a stranger for his use, and an acceptance by the grantee will be presumed from the fact that the deed is for his benefit, especially if the grantee is an infant.

The test in all cases is the intent with which the act or acts relied upon as equivalent or a substitute for actual delivery were done, and in determining the question whether a deed of voluntary settlement has been delivered, the grantor's intention to vest title in the grantee is regarded as of more importance than the mere manual possession of the deed. (*Rivard* v. *Walker,* 39 Ill. 413; *Cline* v. *Jones,* 111 id. 563; *Miller* v. *Meers,* 155 id. 284; *Baker* v. *Hall,* 214 id. 364; *Henry* v. *Henry,* 215 id. 205; *White* v. *Willard,* 232 id. 464.) If there are other circumstances besides the retention of the deed by the grantor to show that he did not intend it to operate immediately, the presumption in favor of delivery will be overcome. (*Shovers* v. *Warrick,* 152 Ill. 355.) That was the case in *Hawes* v. *Hawes,* 177 Ill. 409, where the directions of the grantor showed that the grantee was not to have the deed until after the grantor's death. A similar case was *Elliott* v. *Murray,* 225 Ill. 107, where the deed was given to the grantee merely for safe keeping and was not to become effective unless the grantor should die before the grantee. The deed in this case was made by Solomon Riegel as a voluntary settlement upon his daughter and her children, and it was delivered to his wife and kept under her control where he did not have access to it. After he delivered the deed to her he never mentioned it but seems to have regarded the delivery as final and effectual. She testified that if he had asked her for the deed she would have let him have it because she could not have done anything else. But her opinion as to what she would have done raises no presumption as to his intention. There was nothing to overcome a presumption that he intended the deed to become operative at once. He considered himself under the strongest moral obligations to see that his daughter was made secure in a home after the death of himself and his wife, and that what would go to her from his estate should vest in the two children who had been excluded from the conveyance of the sixty acres

previously given to the daughter. There is every reason why a court of equity should sustain the deed, if possible.

This deed contained a reservation of a life estate in the grantors, which raises a strong presumption that it was intended the title should immediately vest in the remainder-men, for the reason that if such intention had not existed there would be no reason for such reservation. There could be no object in reserving a life estate if the deed was not to take effect until after the death of Solomon Riegel. (*Baker* v. *Hall, supra.*) Before the making of the deed, Edith L. Riegel, the wife, had only an inchoate right of dower in the premises, which was not an estate, and the deed was effective to grant a life estate to her. A delivery to a life tenant is a sufficient delivery for the benefit of the remainder-men. (*Chapin* v. *Nott, supra; Baker* v. *Hall, supra.*) To our minds the evidence is conclusive that the intention of Solomon Riegel was that the deed should operate as a present conveyance when he handed it to his wife with directions to her to take care of it. That was the intention expressed on the face of the deed, and the direction was in no manner inconsistent with that intention. On the contrary, it was entirely consistent with an understanding that she was to take care of the deed for herself and the remainder-men.

The decree is affirmed.          *Decree affirmed.*