## No. 12,179.

GRIFFITH *v.* SANDS, ADMINISTRATRIX, ET AL.

Decided October 8, 1928.

Mr. Hugo Selig, for plaintiff in error.

Messrs. Bryant & Bell, for defendants in error.

*Department Two.*

Mr. Chief Justice Denison delivered the opinion of the court.

A demurrer to the complaint was sustained and judgment thereupon went for defendant. Plaintiff brings error. Both parties ask for a final decision on motion for supersedeas.

The complaint alleges that one James, plaintiff's father, signed, sealed and acknowledged a deed which purported to convey certain land to plaintiff, but died without actually delivering it to her. She concedes that a deed must be delivered to be valid, but contends that the one in question was constructively delivered because of the following facts alleged in the complaint: "That shortly before his death, he, the said John W. James, did declare and make known that owing to the poor circumstances of plaintiff and his solicitude for her that said deed should be delivered to said Ora Pearl Griffith, plaintiff herein, upon his death and that the property granted and conveyed in said deed should be had and owned by her the said Ora Pearl Griffith and her heirs forever." She also argues that the facts above set forth created a trust in James and his heirs for her benefit.

The first question is whether directions by a grantor, in an instrument which he has signed, sealed and acknowledged, to deliver the same after his death, amount to constructive delivery. We think not. *Childers v. Baird,* 59 Colo. 382, 148 Pac. 854. Indeed the complaint shows that there was no delivery because the deed was *to be* delivered at grantor's death; there could not, then, have been a previous delivery. This is the ever recurring case of an attempt at once to give property and keep it, and as long as men keep on trying to do that lawyers

will not starve. True, delivery has been said to be a matter of intent, but it is not a matter of intent alone. Some act by which the grantor parts with control of the instrument must accompany the intent (*Riegel v. Riegel*, 243 Ill. 626, 90 N. E. 1108; *Fisher v. Oliver*, 174 Cal. 781, 164 Pac. 800; *Brown v. Brown*, 66 Me. 316; *Doss v. Doss*, 77 Colo. 262, 236 Pac. 129; *McGowan v. Lockwood*, 65 Colo. 264, 269, 176 Pac. 298), but plaintiff's grantor retained the deed and might have withheld it indefinitely, or destroyed it, without liability. It is essential to delivery of a deed that the grantor part with control of it, which James did not do.

As to the claim of trust, the only evidence of that is oral and so is insufficient under the statute of frauds (C. L. § 5105), nor are the elements of a constructive trust present.

Plaintiff claims that in equity she is at least entitled to have the deed surrendered for examination, but if the deed was never delivered she has no such right, unless in equity it ought to be delivered, which is not shown.

The complaint alleges that plaintiff is the owner of the property in question. This is an ultimate fact, not a conclusion of law as claimed by defendant (*Baker v. Cordwell*, 6 Colo. 199; *Hanna v. Barker*, 6 Colo. 303, 313; *Bank v. Trinidad Co.*, 79 Colo. 286, 288, 245 Pac. 489; *Thomas v. Seloom*, 80 Colo. 189, 250 Pac. 381, and many other cases in this court), and the allegations above quoted are merely evidential; but since these facts, if in evidence, would negative the alleged ownership, and since plaintiff has made no point of the matter and a reversal could not alter the final result, we prefer to ignore the effect of the pleadings and decide the case on the points to which the arguments have been directed. We also ignore the question whether the complaint shows equity and whether plaintiff should have brought ejectment.

Judgment affirmed.

Mr. Justice Campbell, Mr. Justice Butler and Mr. Justice Adams concur.