No. 12,861.

BARNES ET AL. *v.* SPANGLER.
(25 P. [2d] 732)

Decided September 11, 1933. Rehearing denied October 16, 1933.

Mr. J. E. LITTLE, Mr. O. E. COLLINS, for plaintiffs in error.

Messrs. CHINN & STRICKLER, for defendant in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFFS in error here were plaintiffs in the trial court, where they sought to set aside a deed of conveyance to defendant on the ground of nondelivery, and, from an adverse decree, they bring error.

Plaintiffs are heirs at law of one James S. Willard who died intestate September 20, 1927, as occupant and owner in fee simple of lots five and six, block 61, in the city of Colorado Springs, El Paso county, Colorado. The only child and son of said Willard and wife died about March, 1910, being then engaged to be married to defendant, which death caused mutual grief and occasioned intimate relationship between defendant and Willard and wife, likened to that of parent and child. In October, 1922, the wife of said Willard died. He being then 78 years old, induced defendant, according to her answer, to leave her employment in the recorder's office in Colorado Springs and make her home in said premises, operate and manage same and cook and care for said Willard as long as he lived and orally agreed with defendant to make, execute and deliver to defendant his deed to said premises. That on October 17, 1922, defendant alleges she entered upon her duties, according to said agreement and fully discharged same thenceforth until Willard's death, September, 1927.

On October 20, 1922, Willard made and executed to defendant, a regular warranty deed to the herein described premises, admittedly out of the presence of defendant, and delivered same out of the presence of defendant and, so far as the record discloses, without her knowledge to the Exchange National Bank, Colorado Springs, Colorado, with written instructions as follows:

"Colorado Springs, Colorado,
October 20, 1922.

"The Exchange National Bank,

"Colorado Springs, Colorado.

"Gentlemen:

"I hand you herewith Warranty Deed dated October 20, 1922 given by me to Vera May Spangler, conveying residence property situate at 221 N. Cascade, Colorado Springs, Colorado, which I shall ask you to accept for safe keeping and deliver to Miss Vera M. Spangler in the event of my death.

"Yours very truly,
(Signed) James S. Willard."

Thereafter on September 21, 1927, the day following Willard's death, the bank delivered said deed to defendant, who on said date filed same for record.

The premises are improved by a large frame building containing apartments, which were rented to tenants except those portions occupied by Willard and defendant as his and her living quarters. Defendant collected the income from said premises, deposited same to her own account and paid out of said account, which contained other money given her by Willard, expenses for maintenance for Willard and herself. The records of the assessor's office of El Paso county, admitted in evidence, disclose that tax schedules for said property were signed as follows: For the year 1922, Mrs. Melinda J. Willard; 1923, James S. Willard, Principal, Vera M. Spangler, Agent; 1924, James S. Willard; 1925, James S. Willard; 1926, James S. Willard, Principal, by Vera M. Spangler, Agent; 1927, James S. Willard; and that all tax receipts were issued in the name of James S. Willard, and the evidence is barren of any oral contract with defendant.

The court heard all the evidence offered by both sides and entered finding that said James S. Willard constituted the bank as trustee for defendant and intended to reserve no control or dominion over said deed and to divest himself of title, and did in fact and law reserve no

control or dominion over said deed, and intended to and did convey title to defendant in praesenti.

Plaintiffs contend that the deed was never delivered, that same was never accepted during lifetime of grantor, that same was an attempted testamentary disposition of property and void under the statute of wills; that same was placed in the bank without any written contract between grantor and grantee and was within the statute of frauds and could not be in escrow.

Counsel for defendant agree that all questions involved must follow the decision as to delivery. Situations of this nature provide a constant source of litigation and are usually, as here, an attempt to substitute a deed for a will for the purpose of making testamentary disposition of property.

The test in this case, as in all others where delivery is to the third person, is: Did grantor at time of alleged delivery to bank, intend to part with control and make present grant of title without reserving right to revoke or recall the deed?

A careful reading of the instructions which accompanied the handing of the deed to the depositary dispels any doubt in the writer's mind as to Willard's intentions. They were made clear by the instructions. He intended delivery to be made after his death and said so. Under this writing, the bank was Willard's agent and possession of the bank or depositary was the possession of Willard, and the bank could have delivered the deed to Willard at any time before his death, without liability to defendant and Willard could have destroyed it without liability to defendant. This instrument could not operate as an escrow on account of the lack of sufficient parties and consideration, also the failure to actually contract. It is an indispensable feature of each delivery of a deed that grantor part with possession and control or any power over it for the benefit of grantee and the grantor's act or word must be such as to deprive him of all authority or right to recall and must evidence an intention to

part presently and unconditionally with the deed, otherwise there is no delivery.

The facts do not justify the finding of the trial court that there was a legal delivery. Consequently the conveyance attacked by plaintiffs in this case is void and ineffective and should be set aside. This court has on several occasions determined this question and especially in *Childers v. Baird,* 59 Colo. 382, 148 Pac. 854; *Larison v. Taylor,* 83 Colo. 430, 266 Pac. 217; *Griffith v. Sands,* 84 Colo. 456, 271 Pac. 191, and the law books present such a unanimity of opinion that it is useless to make further discussion.

Nothing herein shall be construed as depriving defendant in error of any right or remedy, if any, she may have against the estate.

Judgment reversed for further proceedings not inconsistent with the views expressed herein.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.