## No. 13,491.

SPANGLER *v*. BARNES ET AL.
(32 P. [2d] 260)

Decided April 23, 1934.

Messrs. STRICKLER & WENDELKEN, for plaintiff in error.

Mr. J. E. LITTLE, Mr. O. E. COLLINS, for defendants in error.

*In Department.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

The original trial in this controversy was had upon the sole question of the delivery of a deed from Willard to Spangler, the plaintiff in error, which the heirs of Willard, who are defendants in error, sought to have cancelled. Judgment was entered to the effect that there was a valid delivery. That judgment was reviewed by this court in the case of *Barnes v. Spangler,* reported in 93 Colo. 254, 25 P. (2d) 732, where the facts are stated, to which, for a better understanding, reference is hereby made. On review, the judgment was reversed for further proceedings, not inconsistent with the views expressed in the opinion.

For the purposes of the present determination, we will refer to the parties as they appeared in the trial of the original case, as plaintiffs and defendant.

The complaint, which attacked the delivery of the deed and sought its cancellation, alleged that, by inheritance, the plaintiffs were owners of an undivided interest in the real property purported to be conveyed by the deed; that they were entitled to the possession of said premises, and to an accounting from defendant for the rents and profits during the time she was in possession after the death of Willard, the grantor. It is to be noted that plaintiffs sought more than the bare cancellation of the deed. The defendant answered, asserting the validity of the deed and alleged facts to support a consideration for the making of the deed, which, if established, defendant now claims would give her an equitable right to the property involved, and further denied the right of possession in plaintiffs, as well as a right to an accounting from defendant.

Counsel agree that the only question ever tried was the validity or invalidity of the delivery of the deed

involved. It can be readily seen that defendant, favored by a finding of the trial court that the deed to her was a valid deed and conveyed legal title, would not engage in the absurdity of an attempt to then establish an equitable interest in the property, which she could have no doubt proceeded to do under her answer, had the trial court held that the deed was invalid on account of nondelivery. Had she then determined that her answer should more sharply set out the facts relied upon, she could have asked leave to amend, and the court would have been required to allow such amendment, so long as the same pertained to the transaction. Courts are, and should be, more liberal in allowing amendments to answers than to complaints. This liberality sometimes extends to the admission of entirely new defenses. *Cartright v. Ruffin,* 43 Colo. 377, 96 Pac. 261. To have denied her this right, or to have denied her the right to establish any interest that the facts and the law would permit, would be equivalent to denying her a day in court, and she would have there been powerless to prevent a judgment against her.

When this case, on remittitur, reached the court below, plaintiffs sought the entry of a decree, to which defendant objected and asked leave to file an amended answer. The leave was granted and amendment made and filed. When the matter came on for hearing, on plaintiffs' motion the court struck the amended answer, and entered a decree for plaintiffs cancelling the deed, fixing the ownership of plaintiffs to the property in fee, awarded them the right to possession and the right to rent for the use of the property, the amount of which was fixed at $1,650, and entered judgment against defendant in that sum. To review this final judgment, defendant prosecutes this proceeding.

We are of the opinion that the court was in error in striking the amended answer. This would have been proper had plaintiffs sought only the cancellation of the deed and nothing more, in which event the rule in the case of *Mitchell v. Mitchell,* 41 Colo. 72, 91 Pac. 1103,

relied upon by plaintiffs as controlling, would apply. But the complaint was more embracing and invited, as well as required, an answer in defense or denial of the matters that were an appendage to, and a combination with, a plea for bare cancellation.

When, growing out of the same transaction, such matter in defendant's original answer, and amended answer, as alleged, an equitable interest and right to the possession of the property were rightfully pleaded, and properly, all questions raised by such answer and amendment should be adjudicated in this proceeding, without the necessity of a new and separate action.

We hold that in the action to cancel the deed, the defendant was entitled to be heard on any fact, proof of which would entitle her to ownership of the property, even in the event the deed was ordered cancelled.

The judgment is reversed with directions to the trial court to reinstate the amended answer and proceed to a determination of the issue thereby raised.

MR. CHIEF JUSTICE ADAMS, MR. JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.