No. 13,742.

Barnes et al. *v*. Spangler.
(56 P. [2d] 31)

Decided March 16, 1936.

Mr. J. E. Little, Mr. O. E. Collins, for plaintiffs in error.

Mr. David P. Strickler, for defendant in error.

*In Department.*

Mr. Justice Holland delivered the opinion of the court.

OTHER questions involved in this controversy upon which final judgment had been entered, have been before this court in the cases of *Barnes v. Spangler,* 93 Colo. 254, 25 P. (2d) 732, and *Spangler v. Barnes,* 95 Colo. 49, 32 P. (2d) 260. In the second case we directed the trial court to reinstate a stricken amended answer and cross complaint, and determine the issue thereby presented. On the resulting trial, the court entered a decree for the defendant Spangler and the plaintiffs assign error.

James S. Willard died intestate September 20, 1927, he at that time being the owner and occupant of improved property known as lots five and six, block 61, city of Colorado Springs, El Paso county. His wife died October, 1922, he being 78 years old. Their only child, a son, died in March, 1910. Prior to his death, the son was engaged to be married to the defendant. His death created a mutual intimate relationship between defendant and the mother and father, similar to that of parent and child, and defendant throughout the years following, gave the father and mother her almost constant daughterlike attention. She held a good position in the county recorder's office. The death of his wife in 1922 left Willard an old man, and alone in their home, except for a number of roomers. He importuned defendant to give up her employment, come and look after the management of his home and business generally, and take care of him. Defendant alleged that he agreed to give her all of his property in consideration of her compliance with that request; that she accepted the offer, went into his home, entered upon her duties in accordance with the arrangement, and fully discharged her part of the agreement at all times until Willard's death. Willard executed to her a warranty deed to the real property, but failed to make valid delivery thereof. *Barnes v. Spangler, supra.* Under color of title to the property by virtue of this deed, defendant remained in possession. About two years later, plaintiffs, as heirs at law, instituted this action,

and by their complaint attacked the delivery of the deed and sought its cancellation, alleging that through inheritance they were the owners of the undivided interest in the property attempted to be conveyed by the deed and that they were entitled to the possession of the premises; also praying for an accounting from defendant for the rents and profits thereof following Willard's death. Defendant answered, alleging that she had been in full possession of the property long prior to the institution of plaintiff's action; that she was the owner of all title to and interest in the property; and the making of the oral contract with Willard, as hereinbefore mentioned. Upon the first trial, the court held that defendant was entitled to possession by virtue of the deed of which there had been valid delivery. No other questions were then determined. On review by this court, plaintiffs were successful in obtaining a reversal of the judgment on the ground that there was no valid delivery of the deed, but we said, "Nothing herein shall be construed as depriving defendant in error of any right or remedy, if any, she may have against the estate." *Barnes v. Spangler, supra.* The cause was remanded for further proceedings. It having been determined that the conveyance was ineffective, because of nondelivery, plaintiffs sought a decree cancelling the deed under which defendant claimed title and retained possession; fixing the ownership in plaintiffs in fee, awarding them possession and a judgment for rent or use of the property. Defendant, objecting to the entry of such decree, asked leave to file an amended answer, setting out with more particularity her contract with Willard by which she claimed ownership and the right of possession of the property. Leave was granted and an amended answer filed. Plaintiffs moved to strike, the motion was granted, and judgment was entered in their favor, evidenced by the decree prayed for as above set out. Defendant assigned error and upon review, this court reversed the judgment, holding that the trial court

was in error in striking the amended answer, because such matters therein as alleged an equitable interest and right to possession of the property were properly pleaded, and such issues should have been adjudicated. In the opinion it was specifically stated: "We hold that in the action to cancel the deed, the defendant was entitled to be heard on any fact, proof of which would entitle her to ownership of the property, even in the event the deed was ordered cancelled." *Spangler v. Barnes, supra.*

In the case now before us, the trial court having been directed to reinstate the amended answer and proceed to a determination of the issue thereby raised, hearing was had and a decree entered quieting title in defendant, which decree was based upon sufficient evidence establishing the oral contract with Willard as alleged by defendant in her amended answer, and in which answer she prayed that title be quieted in her for the reasons given, and asking specific performance of the oral contract. Error is assigned to the judgment entered on this decree.

■ The law of the case was established by the decision in *Spangler v. Barnes, supra,* it being therein settled that the allegations of the answer and cross complaint of defendant were sufficient to entitle her to offer proof thereof. This being so, nothing remained to be determined except the truth of her allegations. This was established to the satisfaction of the trial court by ample competent evidence, consequently, being so established, it must stand.

■ In determining the sufficiency of defendant's answer and cross complaint, this court did not, in the case of *Spangler v. Barnes, supra,* specifically pass upon each of the objections now raised by plaintiffs, but in our consideration, we included these objections on the assumption that they were made then, as now, and determined the answer and cross complaint to be not vulner-

able thereto. We considered the motion to strike as a demurrer, since it apparently was so treated, and while not customary, the practice is permissible.

■ Plaintiffs insist that the oral agreement, upon which reliance is placed by defendant, is within the statute of frauds; also is barred by the statute of limitations, and that the doctrine of laches is applicable. The alleged oral agreement was entirely performed by defendant, and the evidence discloses a substantial partial performance by Willard, and an ill-advised attempt on his part to fully perform. Against contracts in such a state of performance, the statute does not operate.

■■ Defendant's cross cause of action is to quiet title. Specific performance as prayed, in addition, is necessary to quiet the title or give her title at all. If she is entitled to specific performance, then all adverse claims of plaintiffs are allayed. She was in possession by virtue of a deed which she recorded and believed to be good. Her equitable remedy was not available and did not arise until the deed had been set aside, whereupon came her discovery that Willard had not, in a legal way, fully performed. This satisfies the question of laches. The statute of limitations does not apply in an action to quiet title, and that such is the nature of defendant's action is not seriously disputed. *Lougee v. Wilson,* 24 Colo. App. 90, 131 Pac. 780.

The judgment was right and is affirmed.

MR. CHIEF JUSTICE CAMPBELL, MR. JUSTICE BUTLER and MR. JUSTICE BURKE concur.