Cecilia **GABALDON**, Plaintiff-Appellant,

v.

**WESTLAND DEVELOPMENT COMPANY, INC., NSL,** a New Mexico corporation, Defendant-Appellee.

No. 73–1343.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted Aug. 15, 1973.

Decided Oct. 11, 1973.

Leof T. Strand, Albuquerque, N. M. (Joseph L. Smith, Lorenzo A. Chavez and Melvin L. Robins, Albuquerque, N. M., on the brief), for plaintiff-appellant.

Ronald J. Segel, Albuquerque, N. M., (Sutin, Thayer & Browne, Albuquerque, N. M., on the brief), for defendant-appellee.

Before LEWIS, Chief Judge, BARRETT, Circuit Judge, and SMITH, Senior District Judge.*

TALBOT SMITH, Senior District Judge.

The case before us involves a bill to quiet title brought by appellant Cecilia Gabaldon. Defendant Westland Development Co., Inc., NSL, a New Mexico corporation (Westland), successor in interest to the Town of Atrisco, answered and counterclaimed, praying cancellation of appellant's deed. Cross motions for summary judgment were filed and argued, the court finding appellant's motion without merit, appellee's motion well taken, and holding appellant's deed to be null and void.

The land in question was originally a part of the Atrisco Land Grant. This property has been involved in extensive litigation. Armijo et al. v. Town of Atrisco, 56 N.M. 2, 239 P.2d 535 (1952); Armijo et al. v. Town of Atrisco, 62 N.M. 440, 312 P.2d 91 (1957). The particular phase of the matter now before us involves a plan for distribution of 10,000 acres of the land of the grant. The approval of the plan by the District Court for the County of Bernalillo in March of 1953 was appealed and in the Supreme Court reversed, Armijo v. Town of Atrisco, *supra*.

The Supreme Court, after reviewing previous litigation as well as the case before it held that the means for distri-

---

* Honorable Talbot Smith, United States Senior District Judge, Eastern District of Michigan, sitting by designation.

bution of the lands approved by the District Court:

> "not only amount to a violation of the statute law of this state prohibiting lotteries . . . but as well amount to a dissipation of the assets of the corporation, contrary to law . . .
> In fine the plan of disposition proposed discloses a pronounced absence of primary and elemental concepts of due process and equal protection of the laws, in violation of constitutional guarantees existing in favor of owners of the beneficial interest in the common lands of the Grant." 312 P. 2d at 101.

The Court thereupon held that "the judgment [below] will be reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed." [1]

Upon remand the state court vacated all previous orders respecting the distribution of the lands involved, held that the described "seventy deeds" (among them the appellant's) were "void and of no effect" and stated that "if necessary" the Board of Trustees of the Town of Atrisco was to institute appropriate proceedings to cancel the deeds. We do not overlook the fact that no appeal was taken from the entry of this judgment, dated August 19, 1957, but in view of the land titles involved will rule on the issues presented.

Some fifteen years later, on July 18, 1972, Cecilia Gabaldon whose deed to the land in question had been held void in the order of August 19, 1957, filed in the federal court a bill to quiet title, complaining that she held a deed to the property involved and that appellee herein made a claim thereto. It was the appellee's answer that her deed was void, citing the state court proceedings outlined above, and counterclaiming for cancellation of her deed.

Appellant asserts that the statute of limitations [2] has run on Westland's counterclaim for the cancellation of her deed, citing Pugh v. Heating & Plumbing Finance Corporation, 49 N.M. 234, 161 P.2d 714 (1945), a case involving the enforcement of a judgment lien. But here Westland's cause of action is not an action on a judgment, being, rather, an action to cancel a void deed. This deed was void from the date of its execution, not merely from the date of the *Armijo* judgment, and, as such, can furnish no basis for a favorable decree in a quiet title suit, wherein appellant must prevail, if at all, on the strength of her own title. Komadina v. Edmonson, 81 N.M. 467, 468 P.2d 632 (1970).

We are not ruling upon which of the above statutes is applicable, if, indeed, either or any other [3] applies. Here the appellee sets up the invalidity of appellant's deed as a defense to her bill to quiet title. Under N.M.S.A. § 23–1–15 (1953), captioned "Set-offs or counterclaims not barred . . .", a cause of action that, if asserted offensively, would be barred by limitations, may nevertheless be raised as a defense, if "the same was not barred at the time the cause of action sued for accrued or originated." Appellant's cause of action accrued either in 1955 [4] or 1956 [5] at neither of which times would Westland's action to cancel the deed have been barred.

---

1. Armijo v. Town of Atrisco, *supra*, at 102. The mandate itself (R. 81) stated "remanded to you for further proceedings not inconsistent with the views expressed in said opinion and the judgment of this Court."

2. Citing both N.M.S.A. § 23–1–2 (1953), seven years on a judgment, and § 23–1–4, unspecified actions, four years.

3. Authority to the effect that statutes of limitation do not normally apply in the quiet title situation is found in Barnes v. Spangler, 98 Colo. 407, 56 P.2d 31 (1936) and Oates v. Nelson, 269 Cal.App.2d 18, 74 Cal. Rptr. 475 (1969); see, also, 53 C.J.S. Limitations of Actions § 36.

4. Upon delivery of the deed to her, *cf.* La-Neve v. Hinkson, 271 S.W.2d 467 (Tex.Ct. Civ.App.1954).

5. Upon recording, *cf.* Nicholas v. Giles, 102 Ariz. 130, 426 P.2d 398 (1967).

Appellee is thus not barred by limitations from obtaining the relief sought and granted.

But the principal thrust of appellant's argument, both in the court below and here is that the State district court for Bernalillo County, in holding appellant's deed (and others) void, is that the court went beyond the mandate issued it. On this point Judge Bratton, below, held as follows:

"The District Court's assessment of the import of the mandate to it from the Supreme Court was correct. The illegality of the distribution plan, as violative of statutes prohibiting lotteries, as well as the unlawful dissipation of the assets of a corporation, made it beyond the power of the District Court to approve and the Supreme Court held that Order of Approval to be void. Consequently all actions pursuant thereto, including the issuance of deeds thereunder, were void and of no effect.

"Since plaintiff's claims to the land arise only under her deed issued pursuant to the plan, and it is void, it necessarily follows that she may not, as a matter of law, prevail on the merits in this action. Defendant is entitled to have the cloud upon its title removed by cancellation of the plaintiff's void deed."

██ There is little one can add to the cogency of the ruling so made. The mandate was for further proceedings not inconsistent with the views of the Supreme Court. Such "further proceedings" were, of course, to implement at the local level the ruling of the higher court and were manifestly consistent therewith. Moreover, we accept the interpretation of the New Mexico law by the Federal District Court in the State that the deed was absolutely void since we are not convinced that it is clearly erroneous. Teague v. Grand River Dam Authority, 425 F.2d 130 (10th Cir. 1970); Parsons v. Amerada Hess Corp., 422 F.2d 610 (10th Cir. 1970).

We find no error. Under the view we have taken of the case we find no need to explore the legal effect of the series of state court proceedings taken subsequent to the *Armijo* ruling.

Affirmed.