No. 19,479.

GEORGE A. DOLLISON, ET AL. *v.* JOHN T. COOK, ET AL. D/B/A COOK AND CHARTIER CONSTRUCTION CO.
(364 P. [2d] 207)

Decided August 14, 1961. Rehearing denied September 5, 1961.

Messrs. EARLY & KELLER, for plaintiffs in error.

Messrs. BENNETT AND HEINICKE, for defendants in error.

*In Department.*

Opinion by MR. JUSTICE MOORE.

WE will refer to plaintiffs in error as Dollisons and to defendants in error as the contractors.

The action was commenced by the contractors who alleged in their complaint that they had constructed a building on lands owned by Dollisons under an agreement by which the latter agreed to pay all costs of construction plus ten per cent of such costs to the contractors. It was further alleged that the cost of construction plus ten per cent amounted to the total sum of $27,283.00 and that Dollisons had paid on account thereof the sum of $16,500.00, leaving a balance of $10,783.00. The prayer was for judgment for the balance claimed, and for a decree foreclosing the mechanic's lien filed upon the real estate by the contractors.

By answer the Dollisons admitted ownership of the real estate described in the complaint, and the payment

to the contractors of $16,500.00. All other allegations of the complaint were denied. Upon trial to the court findings and judgment in favor of the contractors was entered in the sum of $9,033.71 including interest, and costs, and foreclosure of the mechanic's lien decreed.

The principal issue of fact presented by the pleadings and the evidence is whether there was an agreement between the parties under which Dollisons would pay to the contractors the cost of construction of the building plus ten per cent. Dollisons contend that the agreement was that they would pay $17,000.00 plus "extras" which were not within the original plans, and which amounted to approximately $6,000.00. This issue of fact was resolved in favor of the contractors by the trial court and there was competent evidence to support the findings. In such circumstances the findings of the trial court will not be disturbed on review. *Monroe v. Monroe,* 99 Colo. 401, 63 P. (2d) 459.

It is further urged that the trial court erred in failing to enter specific findings with relation to each objection made by counsel for Dollisons concerning separate items making up the total cost of construction. Included in the items to which objections were made were rental charges for some of plaintiffs' own equipment and a markup of 13% on actual labor costs. The latter item included 2.7% for unemployment compensation, 2.5% for social security, an unspecified amount for Workmen's Compensation Insurance, liability insurance, special trucking expenses, the expense of procuring a trailer house for the use of workmen on the job, and rental on concrete forms which were owned by the contractors.

A substantial portion of the above mentioned items might well have been allowed by the trial court as a legitimate cost of construction. We need not determine specifically which of the items, if any, should have been excluded for the reason that it is obvious that the majority of them were excluded by the trial court.

No cross error is assigned upon the failure of the

trial court to enter judgment for the full amount claimed by the contractors. Had all of the items claimed as costs of construction been allowed, the judgment would have been for $10,793.72. Actually the trial court disallowed $1,950.07 claimed as proper items of cost. The items specifically objected to in this court as being improper "costs of construction" do not total as much as the sum by which the trial court reduced the claim of the contractors. As we compute the figures the trial court reduced the claim by $272.97 more than would result by disallowing the items objected to by counsel for Dollisons. This leaves unexplained the basis for the over reduction of the claim to the extent of $272.97. The Dollisons are in no position to complain concerning this error, if such it be, because they benefited by that amount. In this connection we quote the following from *Milner v. Ruthven,* 116 Colo. 22, 178 P. (2d) 417:

" * * * The court, in its findings, did not indicate the method by which it arrived at the above figure. It is less than the plaintiff alleges he should receive, and more than the defendant feels he should pay. It is sufficient, however, to say that we have carefully examined the record and there is abundant evidence to support the findings and judgment of the trial court, and therefore, under the established rule in this jurisdiction, they may not be disturbed on review. All presumptions are in favor of the findings of the trial court, and the record should be viewed in the light most favorable to the successful party. * * *."

The judgment is affirmed.

MR. JUSTICE DAY and MR. JUSTICE MCWILLIAMS concur.