No. 20,196.

John E. Underhill, et al., *v.* Effie L. McGuffin Detert, etc., d/b/a A-One House Movers.
(381 P. [2d] 265)

Decided May 6, 1963.

Mr. Sidney Tellis, for plaintiffs in error.

Mr. Martin Zerobnick, for defendant in error.

*In Department.*

Opinion by Mr. Justice Pringle.

The parties will be referred to by name or as they appeared in the trial court where plaintiffs in error, the Underhills, were defendants and defendant in error, Mrs. Detert, was the plaintiff.

The complaint alleged that the parties had entered into contracts whereby the plaintiff would construct a foundation, footings, and a basement on a lot in Jefferson County and then move a house from Denver and place it on the foundation constructed by her. The plaintiff alleged that she had performed the construction, moving and placing and that she had performed additional work requested by the defendants which had not been covered by the original contracts. She sought the contract price of $1,300.00 for the construction of the foundation, basement and footings, and the contract price of $675.00 for the house moving and $662.03 for the additional work performed.

The defendants' answer admitted that the defendants had entered into the contracts with the plaintiff, but denied any indebtedness to her either under the contracts or for the additional work, and by counterclaim contended that the plaintiff had performed the work in an unworkmanlike and dilatory manner and that as a result they had suffered damages in the amount of $3,675.00.

Trial was to the court which awarded the plaintiff $1,925.00 for the work done pursuant to the contracts and $346.73 for additional work. Defendants were awarded $175.00 on their counterclaim. Judgment was accordingly entered and the defendants, being dissatisfied therewith are here on writ of error.

The defendants do not complain of the $1,925.00 awarded to the plaintiff for the work done pursuant to the contracts nor of $31.65 of the amount awarded for additional work. They do contend that the court erred in awarding the plaintiff $283.00 and $32.08 for two

items of additional work and in awarding the defendants only $175.00 on the counterclaim.

Plaintiff attached to her complaint Exhibit A, which specifically listed six items of additional work for which she sought compensation and which listed the cost to her of each of the items of extra work performed. On direct examination plaintiff testified that these six items were not covered by the original contracts, which were oral, but were extras requested by the defendants and performed by her. The defendant John Underhill stated that with one exception all items of work listed on Exhibit A were not extras but were required to be performed by the plaintiff pursuant to the terms of the contracts. On the basis of this conflicting testimony, the trial court allowed recovery for certain of the extras and denied recovery for others. The court was the trier of the facts and its determination based upon competent evidence must be upheld. *Dollison v. Cook*, 147 Colo. 453, 364 P. (2d) 207.

Exhibit A, though attached to the complaint, was not formally offered in evidence by the plaintiff nor did she testify to the cost of each of the separate items of work listed thereon. She did, however, testify that the amounts shown on Exhibit A were the costs of these items to her without profit.

Upon this state of the evidence the defendants contend that the trial court, in awarding the plaintiff the particular amounts of $283.00 and of $32.08 for two items of additional work, amounts which were exactly equal to the figures for these items appearing on Exhibit A, "reached for facts outside the actual evidence and concluded that these costs were correct although they were never specifically proven." We do not agree with this contention.

Exhibit A was treated by all parties and by the court as in evidence. Both the plaintiff and the defendant Underhill were examined by their respective attorneys with respect to Exhibit A and both parties testified

with particularity as to each of the items of additional work listed thereon. By treating the exhibit as in evidence, the necessity of a formal introduction of the document was waived and the defendants cannot now complain that it was not properly in evidence. 88 C.J.S. *Trial,* §62(b), p. 170.

Defendants also contend that the amount of damages awarded to them on their counterclaim was insufficient. This assignment of error is without merit. On the basis of competent evidence the court found that although considerable work was necessary to make the house habitable after the moving, neither party had contemplated that the plaintiff would be required to perform that work. The court further found that the house was old and that there were flaws in it prior to its being moved which made it almost impossible to construct accurate and true foundations and footings.

The trial court stated in its findings that arriving at a satisfactory conclusion in the case was particularly difficult in view of the fact that the contracts between the parties were oral and each had a different version of the provisions thereof. In allowing recovery to the plaintiff for certain of the extras claimed and in denying recovery for others, and in awarding the defendants part of the damages they sought by counterclaim and denying the remainder, the trial court reached what it considered to be a proper determination of the controversy. Where, as here, that determination is based on competent evidence and the fair deductions therefrom, it will not be disturbed on review. *Dollison v. Cook,* supra; *Andersen-Randolph Co. v. Taylor,* 146 Colo. 170, 361 P. (2d) 142; *Heckel v. Heckel,* 150 Colo. 428, 373 P. (2d) 303.

The judgment is affirmed.

MR. JUSTICE MCWILLIAMS and MR. CHIEF JUSTICE FRANTZ concur.