549 P.2d 1335 (1976)
Lawrence Waldo WEIGEL, Plaintiff-Appellant,
v.
Willard B. HARDESTY and Mildred Weigel Robertson, Defendants-Appellees.
No. 75-548.
Colorado Court of Appeals, Div. III.
April 29, 1976.
*1336 Robert W. Caddes, Denver, for plaintiff-appellant.
Paul D. Renner, Denver, for defendants-appellees.
Selected for Official Publication.
SMITH, Judge.
This is an action for damages in which plaintiff alleges that his former wife, Mildred Weigel Robertson, violated the terms of their property settlement agreement, that defendant, Willard Hardesty violated his legal duties and that, as a result, plaintiff suffered a loss of $4000. The trial court entered a default judgment against defendant Robertson and, after a trial to the court, entered judgment in favor of defendant Hardesty. Plaintiff appeals the latter judgment, and we affirm.
At the time of dissolution of their marriage, plaintiff and his wife entered into a property settlement agreement which provided, inter alia, that plaintiff would quitclaim his share of the jointly owned family residence to his wife and that, in return, she would execute a second mortgage on the property in favor of plaintiff's brother. The mortgage was to secure the payment of principal and accrued interest on a loan which had been made to the Weigels by plaintiff's brother for the purchase of the family home. The total principal and interest, for which the parties were jointly liable at the time of their divorce, was agreed to be $4000. In the property settlement agreement defendant Robertson agreed to pay off the second mortgage in monthly payments and also agreed that if she sold the property prior to full repayment, she would pay plaintiff's brother in full from the proceeds. Defendant Hardesty, as the wife's attorney, prepared all the necessary documents.
Plaintiff executed and delivered the quitclaim deed, but plaintiff's brother and defendant Robertson never reached an agreement upon the terms under which the mortgage would be repaid. At that point defendant Hardesty recorded the quitclaim deed. Defendant Robertson then sold the property and went to Florida, without repaying any portion of the debt. Plaintiff, who was still liable for the loan, sued to recover damages. Insofar as is relevant here, he alleged that by handling the settlement documents Hardesty became, in effect, an escrow agent or a fiduciary for both plaintiff and his wife, and that by recording the quitclaim deed without also recording the agreed mortgage, Hardesty negligently caused damages to plaintiff in the amount of $4000.
The trial court concluded that Hardesty had breached no legal duty to plaintiff and that Hardesty had acted throughout the events described above as the attorney for plaintiff's wife rather than as an escrow agent or as a fiduciary for plaintiff. The court further concluded that Hardesty had not been negligent in recording the quitclaim deed. Plaintiff disputes the court's conclusion that Hardesty, as a matter of law, was not an escrow agent as to both parties to the divorce proceeding and contends that the court's findings of fact are not supported by the evidence.
*1337 An escrow relationship is essentially a three-party contract. Generally it arises in the first instance by agreement between two parties concerning the delivery of an instrument upon the occurrence of a specified future condition. The instrument is thereafter deposited, by separate agreement, with an independent third party with instructions concerning its ultimate delivery. Moore Mill & Lumber Co. v. Curry County Bank, 200 Or. 558, 267 P.2d 202. See Barnes v. Spangler, 93 Colo. 254, 25 P.2d 732. In the absence of such a tripartite contractual arrangement, the special duties of an escrow agent do not attach to a third party in possession of the instrument. Moore Mill & Lumber Co. v. Curry County Bank, supra; Barnes v. Spangler, supra.
The finding of the trial court that Hardesty acted only as counsel for plaintiff's wife throughout the transaction at issue here is well supported by the record and, thus, will not be altered on review. See Allen v. First National Bank, 120 Colo. 275, 208 P.2d 935; Milner v. Ruthven, 116 Colo. 22, 178 P.2d 417. This finding is inconsistent with the theory that Hardesty served as an escrow agent for the parties to the property settlement. Since an attorney is the agent of his client, Feiertag v. Reichmann, 21 Ill.App.2d 215, 157 N.E.2d 818; Clinton v. Miller, 124 Mont. 463, 226 P.2d 487, Hardesty was not sufficiently independent from Robertson to serve as an escrow agent for the transaction at issue. Hence, his conduct cannot be evaluated as though he did fulfill that function.
As Robertson's attorney, Hardesty was charged with a fiduciary's duty to act in her best interests. See Enyart v. Orr, 78 Colo. 6, 238 P. 29. While fulfilling this obligation to his client, he is liable for injuries to third parties only when his conduct is fraudulent or malicious. Thomas Fruit Co. v. Levergood, 135 Okl. 105, 274 P. 471. The trial court's findings that Hardesty acted in pursuance of his attorney-cient relationship and that plaintiff failed to prove fraud or malice or otherwise establish Hardesty's liability are sufficiently supported by the record so that we will not disturb them on appeal. See Allen v. First National Bank, supra; Milner v. Ruthven, supra.
We have considered plaintiff's other contentions and find them to be without merit.
Judgment affirmed.
PIERCE and BERMAN, JJ., concur.