Edgar S. WILBOURN, Jr., Edgar S. Wilbourn, III, Howard J. DeMera, Mark D. Cameron, Charles W. Stevens, Ping Kay Lin, and Sylvester Bryan, Plaintiffs,

v.

MOSTEK CORPORATION, Gifford Touchstone, and Ronald M. Hanson, Defendants.

Civ. A. No. 81–K–814.

United States District Court, D. Colorado.

April 5, 1982.

John W. Sabo, III, Cole, Hecox, Tolley, Edwards & Keene, Colorado Springs, Colo., for plaintiffs.

Sydney Barton, Kutak, Rock & Huie, Denver, Colo., Frank A. Taylor, Kutak, Rock & Huie, Omaha, Neb., for Mostek.

Glen T. Kray, Douglas I. McQuiston, De-Moulin, Anderson, Campbell & Laugesen, Denver, Colo., Worsham, Forsythe & Sampels, Dallas, Tex., for Hanson.

Ronald W. Johnson, Touchstone, Bernays, Johnston, Beall & Smith, Dallas, Tex., for Touchstone.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this diversity case the plaintiffs allege that the defendants defrauded them. In particular, the plaintiffs allege that they had a real estate contract with defendant Mostek, which required as one of the requirements of closing, Mostek to furnish the plaintiffs with a promissory note for the unpaid balance, at either 10 or 20 percent interest. The plaintiffs allege that Mostek furnished a promissory note at closing for the proper amount of principal, but that all of the defendants failed to disclose to the plaintiffs that the note did not provide for any interest until maturity. The plaintiffs allege that they justifiably assumed that

the note provided for interest of at least 10 percent and that the defendants committed fraud by failing to disclose the actual interest rate.

Defendant Hanson, who was added as a party defendant on November 4, 1981, moved to dismiss, pursuant to F.R.Civ.P. 12(b)(2), for lack of personal jurisdiction over him, and, alternatively, pursuant to F.R.Civ.P. 12(b)(6), for failure to state a claim for relief against him. Because he submitted an affidavit in support of this motion, I converted the motion to dismiss for failure to state a claim into one for summary judgment under F.R.Civ.P. 56, as required by F.R.Civ.P. 12(b). These motions are now ripe for determination.

## I. PERSONAL JURISDICTION

The parties agree that defendant Hanson came to Colorado as an attorney and agent for defendant Mostek.[1] There is also no dispute that Mostek is properly subject to jurisdiction in Colorado on this cause of action. The issue that I must decide on this motion is whether Hanson is subject to this court's jurisdiction because of his activities in Colorado relating to the present cause of action.

 An individual who is an officer, director, or other agent of a corporation is not usually subject to personal jurisdiction merely because the corporation is.[2] *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 906 (1st Cir. 1980); *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 931 (6th Cir. 1974); *Warren v. Dynamics Health Equipment Manufacturing Co.*, 483 F.Supp. 788, 791 (M.D.Tenn.1980); C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1069, at 49–51 (1981 Supp.). Even if a lawsuit arises out of an individual's activities in the forum state, he will not be sub-

ject to personal jurisdiction there if he only transacted business on behalf of his corporate principal. *Wilshire Oil Co. of Texas v. Riffe*, 409 F.2d 1277, 1280–81 (10th Cir. 1969). In contrast, if an individual acts in a manner that subjects himself to jurisdiction under the forum state's long-arm statute, in a manner consistent with due process, then he will be subject to personal jurisdiction in that state:

> It appears that the corporation will ordinarily insulate the individuals from the court's personal jurisdiction. Thus, jurisdiction over individual officers and employees of a corporation may not be predicated on the court's jurisdiction over the corporation itself, unless the individuals are engaged in activities within their jurisdiction that would subject them to the coverage of the state's long-arm statute.

C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1069, at 49–51 (1981 Supp.).

In my recent opinion in *Ruggieri v. General Well Service, Inc.*, 535 F.Supp. 525, 530–534 (1982), I considered long-arm jurisdiction in detail. Rather than repeat that analysis here, I incorporate it here by reference. However, because there are some additional considerations, I will elaborate on personal jurisdiction over corporate agents and employees.

 A corporate agent or employee will usually be subject to personal jurisdiction either for a tortious act that he participated in or for transacting business on his own behalf. For example, if an individual commits a tortious act within the forum state, he will be subject to personal jurisdiction in that state for claims arising from that act, even if he did the act within the scope of his employment or agency with the

---

1. The plaintiffs argue that Hanson could not have acted as an attorney for Mostek in Colorado because he is not admitted to practice in Colorado. This argument is obviously without merit. Hanson, admitted to practice in Texas, was still acting as an attorney when he represented his client, Mostek, a corporation that does business in Texas, in contract negotiations and closings in Colorado.

2. An exception to this rule is if individuals are attempting to use a non-viable corporation to shield personal liability for their actions. In such cases a court is likely to "pierce the corporate veil" and hold the individuals subject to personal jurisdiction. C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 1069, at 51–52 (1981 Supp.).

corporate principal. *Idaho Potato Comm. v. Washington Potato Comm.*, 410 F.Supp. 171, 182 (D.Id.1975); see also *Weller v. Cromwell Oil Co.*, 504 F.2d 927, 931 (6th Cir. 1974). An individual will also be subject to personal jurisdiction for tortious acts in which he personally participated. *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 906–08 (1st Cir. 1980). An agent or employee will be subject to personal jurisdiction if he engages in personal, as opposed to corporate, business activities in the forum state. *Id.* at 906. As the Tenth Circuit stated, personal jurisdiction over an individual is allowable only if he "transact[s] business on [his] own account, and not on behalf of the corporation." *Wilshire Oil Co. of Texas v. Riffe*, 409 F.2d 1277, 1281 n.8 (10th Cir. 1969).

■ Based on the foregoing analysis, I conclude that, whether jurisdiction is based on the commission of a tortious act or on the transaction of business in the forum state, a corporate employee or agent is only subject to a forum-state's long-arm jurisdiction in those cases where he is also personally liable. See generally *Escude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d at 906–08; *Lobato v. Pay Less Drug Stores*, 261 F.2d 406, 408–09 (10th Cir. 1958). If such an individual is personally liable, then jurisdiction must be determined under the analysis of my recent *Ruggieri* opinion. In the present case defendant Hanson came to Colorado to close the real estate contract with the plaintiffs. His allegedly fraudulent failure to disclose took place in Colorado. Although I cannot determine at this time whether the plaintiffs can prove a fraud claim against Hanson, I conclude that they have stated sufficient facts to make the assertion of personal jurisdiction over him in Colorado proper.

## II. FAILURE TO STATE A CLAIM

■ Defendant Hanson argues that the complaint and the affidavits fail to state a claim for relief because there are no allegations or other evidence implying that he had any duty to advise the plaintiffs of the legal effect of the promissory note. In support of this argument he cites two Colorado Court of Appeal cases, *In re Estate of Brooks*, 42 Colo.App. 333, 596 P.2d 1220, 1222 (1979), and *Weigel v. Hardesty*, 37 Colo.App. 541, 549 P.2d 1335, 1377 (1976), each of which held that an attorney has no general duty to the opposing party. However, each of these cases also recognized that an attorney could be liable to an opposing party for fraud:

> As Robertson's attorney, Hardesty was charged with a fiduciary's duty to act in her best interests. While fulfilling this obligation to his client, he is liable for injuries to third parties only when his conduct is fraudulent or malicious.

549 P.2d at 1337 (citation omitted). Defendant Hanson is therefore not liable for breach of any duty, but he may still be liable for fraud.

■ In *Teodonno v. Bachman*, 158 Colo. 1, 5, 404 P.2d 284, 285 (1965), the Colorado Supreme Court stated the elements of fraudulent concealment:

> (a) the concealment of a material existing fact which in equity and good conscience should be disclosed;
>
> (b) knowledge that one is concealing such a fact;
>
> (c) ignorance on the part of the one from whom such fact is concealed of the existence of the fact concealed;
>
> (d) intention that the concealment be acted upon; and
>
> (e) resultant damage

(citing *Carpenter v. Donohoe*, 154 Colo. 78, 388 P.2d 399 (1964); *Morrison v. Goodspeed*, 100 Colo. 470, 68 P.2d 458 (1937)). See also *Ackmann v. Merchants Mortgage & Trust Corp.*, Colo.App., 619 P.2d 501, 505 (1980); *McNeill v. Allen*, 35 Colo.App. 317, 534 P.2d 813, 818 (1975). In *Ackmann*, the court elaborated:

> Precisely what information a party in equity and good conscience has a duty to disclose necessarily depends on the nature of the transaction and the character of the information he possesses.

619 P.2d at 505. Further,

> Fraud can be inferred from the surrounding facts and circumstances and from the condition of the parties.

*Zimmerman v. Loose*, 162 Colo. 80, 88, 425 P.2d 803, 807 (1967). Thus the court may properly consider if one of the parties is incompetent or weak-minded. *Id.* at 90, 425 P.2d at 808.

█ In the present case the plaintiffs allege, and argue in an affidavit, that they reasonably and justifiably assumed that the promissory note would provide for 10 percent interest, and that defendant Hanson made statements that inferred that the note had a ten percent interest rate. Defendant Hanson, on the other hand, argues, and states in his affidavit, that he did not conceal the interest provision, but instead furnished the plaintiffs copies of all the relevant documents for their review, negating any possibility for concealment. He further states that the plaintiffs made some changes in the same line of the note in which the interest provision appears, implying that the plaintiffs could not have been ignorant of the true interest rate.

Under these circumstances, it is inappropriate for me to grant summary judgment. The material facts are sufficiently disputed that I cannot determine whether any of the first four elements of fraudulent concealment are satisfied. On a summary judgment motion, no margin exists for the disposition of factual issues, nor does such a motion serve as a substitute for trial when there are disputed facts. *Commercial Iron & Metal Co. v. Bache & Co.*, 478 F.2d 39, 41 (10th Cir. 1973). I therefore deny the motion for summary judgment.

IT IS ORDERED that defendant Hanson's motion to dismiss for lack of personal jurisdiction, filed pursuant to F.R.Civ.P. 12(b)(2), is denied. It is further

ORDERED that defendant Hanson's motion to dismiss for failure to state a claim, filed pursuant to F.R.Civ.P. 12(b)(6), converted to a motion for summary judgment under F.R.Civ.P. 56, is denied. It is further

ORDERED that defendant Hanson shall answer the third amended complaint within 10 days of receipt of this order.