John V. HANLINE, Plaintiff,

v.

SINCLAIR GLOBAL BROKERAGE CORPORATION, et al., Defendants.

No. 86–0282–CV–W–1.

United States District Court, W.D. Missouri, W.D.

Feb. 9, 1987.

**1458**

John Harl Campbell, Campbell & Meyers, Kansas City, Mo., for plaintiff.

Gordon D. Gee, Rich, Granoff, Levy & Gee, Kansas City, Mo., Timothy J. Carey, Lloyd S. Clareman, Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, New York City, for defendants.

## MEMORANDUM AND ORDERS

JOHN W. OLIVER, Senior District Judge.

This is an action brought by a customer of Sinclair Global Brokerage Corporation (SGBC), a brokerage firm, against the firm and two of its officers. The case now pends on defendants' motion to dismiss with prejudice Counts II and III of plain-

tiff's amended complaint. For the reasons stated, defendant's motion will be granted in part and denied in part.

### I. Personal Jurisdiction

Defendants' initial argument is that this Court lacks personal jurisdiction over the individual defendants, each of whom is an officer of the corporate defendant. Both individual defendants are residents and domiciliaries of the State of New York. Defendants contend that plaintiff's amended complaint fails to demonstrate that the individual defendants had sufficient contacts with Missouri to satisfy either the Missouri long-arm statute or constitutional due process.

Determining the propriety of an exercise of personal jurisdiction over non-resident defendants is a two-step process. First, the Court must determine that the exercise comports with the requirements of the long-arm statute of the state in which it sits. *See Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 653 (8th Cir. 1982). Second, the Court must ensure that minimum contacts exist between each defendant and the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice under the due process clause. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

The Missouri long-arm statute, Mo.Ann. Stat. § 506.500 (Vernon Supp.1987), confers jurisdiction over a person as to any cause of action arising from his transaction of any business within the state, his entering into any contract within the state, or his commission of a tortious act within the state. The scope of the statute was meant to be as broad as is consistent with the dictates of due process. *See State ex rel. Deere and Co. v. Pinnell*, 454 S.W.2d 889, 892 (Mo.1970) (en banc).

Once a defendant has challenged the court's personal jurisdiction over him, the plaintiff assumes the burden of establishing sufficient jurisdictional facts, and that burden may not be shifted to the defendant. *See Institutional Food Market-*

*ing Associates, Ltd. v. Golden State Strawberries, Inc.*, 747 F.2d 448, 452 (8th Cir.1984). The plaintiff's complaint must allege sufficient facts "to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Id.* at 453.

In the present case, plaintiff seeks to base personal jurisdiction over the individual defendants on the tortious act prong of the Missouri long-arm statute.[1] Thus, plaintiff must make a prima facie showing that a tort has been committed. *Institutional Food, supra*, 747 F.2d at 453. Further, the establishment of a prima facie case requires more than mere allegations that all elements of the tort are present. *Id.* at 454.

In an order dated September 25, 1986, this Court deferred ruling the question of personal jurisdiction in order to afford plaintiff an opportunity to file an amended complaint pleading adequate jurisdictional facts. That amended complaint must now be examined to determine whether it contains facts sufficient to support an inference that the individual defendants committed a tort bringing them within the purview of the Missouri long-arm statute.

▆ Plaintiff claims that defendants breached a fiduciary duty owed him, thereby causing him tortious injury in Missouri. Plaintiff alleges that at all relevant times defendants Tese and Sinclair were officers of defendant corporation, and that as such they exercised supervisory authority over the corporation's Kansas City office. Amended Complaint ¶ 25(b); 26(a). Defendant Sinclair was the plaintiff's original account executive. Amended Complaint

¶ 25(a). Plaintiff further alleges that Tese and Sinclair authorized and permitted local employees to accept responsibility for trading plaintiff's account without specific authorizations from plaintiff for each trade. Amended Complaint ¶ 25(c); 26(c). Plaintiff asserts that he placed his trust and confidence in each defendant "to faithfully manage plaintiff's account in accordance with plaintiff's instructions and in accordance with plaintiff's best interests." Amended Complaint ¶ 27.

Plaintiff asserts that the individual defendants' failure to adequately supervise the Kansas City office during the illness of that office's local supervisor left undiscovered unauthorized trading in plaintiff's account. Amended Complaint ¶ 29(a) and (b); 30(a) and (b). Plaintiff contends that defendants had actual or constructive knowledge that plaintiff had previously provided funds for margin calls when necessary, yet through Genovese[2] acting as their agent within the scope of his agency instructed that the treasury bills and open positions that secured plaintiff's account be liquidated to satisfy a margin call. Amended Complaint ¶ 29(e); 30(e). Finally, plaintiff alleges that the individual defendants through Genovese acting as their agent instructed and commanded other agents and employees of SGBC to conceal the unauthorized trading from plaintiff. Amended Complaint ¶ 29(g); 30(g). In support of this contention, plaintiff attaches to his suggestions in opposition to defendants' motion to dismiss a transcript of a telephone conversation between Genovese and a local employee in which the unauthorized trading is discussed.

---

**1.** Paragraph 6 of plaintiff's amended complaint alleges that all three defendants are subject to personal jurisdiction both because of their commission of tortious acts in Missouri and their transaction of business in Missouri. However, in his suggestions in opposition to defendants' motion to dismiss with prejudice Counts II and III of plaintiff's amended complaint, plaintiff argues only that the tortious acts of the individual defendants subject them to personal jurisdiction. Plaintiff alleges no facts to support the notion that the individual defendants transacted business in Missouri; accordingly, we cannot exercise personal jurisdiction on that basis.

**2.** Charles Genovese, a New York employee of SGBC, was originally named as a defendant both in this suit and in a suit previously filed by this plaintiff in Missouri State court. The State court dismissed the case against Mr. Genovese, ruling that it lacked personal jurisdiction over him. *See Hanline v. Sinclair Global Brokerage Corp., et al*, No. CV82–19255 (Cir.Ct. Jackson Co., Mo.) (unpublished order Sept. 26, 1985). In our Memorandum and Order of September 25, 1986, this Court dismissed the present case against Mr. Genovese, holding that the State court opinion was res judicata on the jurisdiction issue with regard to Mr. Genovese.

The allegations in plaintiff's amended complaint fall short of establishing the prima facie case of tort necessary to obtain jurisdiction over the individual defendants under the Missouri long-arm statute. Though plaintiff's allegations outline a claim for breach of fiduciary duty in conclusory terms, plaintiff points to no specific facts linking actions of the individual defendants to Missouri. For example, plaintiff alleges that defendants had actual or constructive knowledge of the terms and history of plaintiff's account, yet plaintiff fails to plead any objective manifestation of defendants' supposed knowledge. *Cf. McKeehan v. Wittels*, 508 S.W.2d 277, 283 (Mo.Ct.App.1974) (knowledge of one corporate officer not imputable to another corporate officer). Similarly, plaintiff baldly alleges that defendants acted in various ways through Genovese acting as their agent, but fails to point to any overt act of the individual defendants to establish that agency. *See Institutional Food Marketing Associates, Ltd. v. Golden State Strawberries, Inc.*, 587 F.Supp. 1105, 1110 (E.D.Mo.1983), *aff'd*, 747 F.2d 448 (8th Cir. 1984) (plaintiffs have not made prima facie showing that agency existed).

Such conclusory allegations cannot be held to support an exercise of personal jurisdiction under the Missouri long-arm statute. In *Institutional Food*, the Eighth Circuit found that the district court had properly refused to exercise personal jurisdiction over a corporation in a case in which, as here, the plaintiff had sought to invoke the tortious act prong of the Missouri long-arm statute. Noting that the plaintiff had failed to establish an element of the alleged tortious interference with contract, the Court explained:

> The establishment of a *prima facie* case requires more than the allegation that the defendant acted without justification. In order to state a cause of action, it is necessary that facts be alleged from which it could be found that the interference was not justified.

747 F.2d at 454. Absent a prima facie showing that the individual defendants themselves acted in a manner to subject themselves to personal jurisdiction in Missouri, this Court cannot exercise jurisdiction over them on the basis of actions imputed to them.

■ Moreover, an assertion of personal jurisdiction over the individual defendants would violate the due process minimum contacts standard articulated in *International Shoe* and its progeny. Due process minimum contacts analysis focuses on the "relationship among the defendant, the forum, and the litigation." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984), *quoting Shaffer v. Heitner*, 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977).

The application of the minimum contacts standard in the Eighth Circuit involves the consideration of five factors:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of the contacts with the forum state; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

*Land-O-Nod Co. v. Bassett Furniture Industries, Inc.*, 708 F.2d 1338, 1340 (8th Cir.1983). In evaluating the contacts of a defendant under this test, the Eighth Circuit has noted that

> "[u]nilateral activity of those claiming a relationship with a nonresident defendant is not sufficient and 'it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' *Hanson v. Denckla*, 357 U.S. 235, 253 [78 S.Ct. 1228, 1239, 2 L.Ed.2d 1283] (1958).... For it is a defendant's contacts with the forum state that are of interest in determining whether personal jurisdiction exists, not its contacts with a resident of the forum."

*Institutional Food, supra*, 747 F.2d at 455–56.

Plaintiff's amended complaint fails to describe any action of either defendant by

which he could fairly be said to have purposefully availed himself of the privilege of conducting activities in Missouri.[3] *Cf. Aurora Enterprises, Inc. v. National Broadcasting Co.*, 688 F.2d 689, 696 (9th Cir. 1982) (corporate director's ambiguous act of approval of block sale in forum state does not constitute act by which he purposely availed himself of the privilege of conducting activities in forum state). *See also Columbia Briargate Co. v. First National Bank*, 713 F.2d 1052, 1064–65 (4th Cir.1983), *cert. denied sub nom. Pearson v. Columbia Briargate Co.*, 465 U.S. 1007, 104 S.Ct. 1001, 79 L.Ed.2d 233 (1984) ("if any connection [corporate officer] had with the commission of the tort occurred without the forum state ... under sound due process principles, the nexus ... is too tenuous to support jurisdiction").

The vague allegations of plaintiff's amended complaint simply do not establish the existence of minimum contacts between defendants Tese and Sinclair and the State of Missouri. The due process clause requires that this Court decline to exercise personal jurisdiction over those individual defendants. We therefore conclude that this action must be dismissed in its entirety against the individual defendants Tese and Sinclair.

3. Defendant argues that as a policy matter it would be unfair to subject corporate officers of brokerage firms to personal jurisdiction in every state in which the corporation does business. Indeed, the law of many states recognizes the need to protect corporate officers who act in their official capacities from being haled into distant courts. That principle, known as the fiduciary shield doctrine, has been cited by many courts in refusing to exercise personal jurisdiction over corporate officers. *See, e.g., Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 902 (2d Cir.1981) (conduct of a person in his capacity as a corporate fiduciary may not form the predicate for the exercise of jurisdiction over him as an individual).

Missouri courts have never expressly invoked the fiduciary shield doctrine, and even the states that do recognize its validity often refuse to apply it in cases in which the corporate officer is sued under a tort theory. *See Candy H. v. Redemption Ranch, Inc.*, 563 F.Supp. 505, 513 (M.D.Ala.1983); *Wilbourn v. Mostek Corp.*, 537 F.Supp. 302, 304 (D.Colo.1982). *But see Marine*

Having thus determined that this Court lacks personal jurisdiction over defendants Tese and Sinclair, we now turn to the arguments advanced to support the motion to dismiss Counts II and III as they pertain to defendant SGBC.[4]

## II. RICO Claim

Section 1964(c) of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, authorizes civil recovery for violations of section 1962 of that Act. Plaintiff herein seeks to invoke that remedial provision to recover for defendant's alleged violation of section 1962(c).[5] The Supreme Court has listed the following elements as necessary to comprise a violation of section 1962(c): "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346, 358–59 (1985) (footnote omitted). We conclude that plaintiff has failed to adequately allege the existence of an enterprise, and accordingly Count III of plaintiff's complaint must be dismissed.

In ¶ 38 of his amended complaint, plaintiff alleges that "the defendants, and each of them, participated in enterprises consisting of the following:

*Midland, supra,* 664 F.2d at 902–03 (doctrine applicable when tort alleged is negligent misrepresentation); *Quinto v. Legal Times of Washington, Inc.*, 506 F.Supp. 554, 558 (D.D.C.1981) (failure to supervise cannot be considered acts or omissions in corporate officers' individual capacities).

In any event, our analysis in the text obviates the need to invoke the fiduciary shield doctrine.

4. In light of our disposition of the jurisdictional issue, we need not consider defendants' argument that plaintiff's claim for breach of fiduciary duty against the individual defendants does not state a claim for which relief may be granted.

5. Although in ¶ 40 of Count III plaintiff invokes section 1962(d), the RICO conspiracy provision, in addition to section 1962(c), he alleges no facts to show the existence of a conspiracy. *See United States v. Snider*, 720 F.2d 985 (8th Cir. 1983), *cert. denied,* 465 U.S. 1107, 104 S.Ct. 1613, 80 L.Ed.2d 142 (1984) ("essence of a conspiracy is an agreement to commit an illegal act").

(a) Themselves separately and individually;

(b) The enterprise consisting of Genovese, Tese, Sinclair, and SGBC;

(c) The enterprise of SGBC."

Defendants argue that this "scattergun approach" to pleading the required RICO enterprise is inadequate as a matter of law.

In *Bennett v. Berg*, 685 F.2d 1053 (8th Cir.1982), *adopted in pertinent part on rehearing en banc*, 710 F.2d 1361 (8th Cir. 1983), *cert. denied sub nom. Prudential Insurance Co. v. Bennett*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983), the Eighth Circuit adopted the majority rule that the "person" charged with the RICO violation may not be the same entity alleged to be the enterprise under section 1962(c). *Accord Bennett v. United States Trust Co. of New York*, 770 F.2d 308 (2d Cir.1985), *cert. denied*, —— U.S. ——, 106 S.Ct. 800, 88 L.Ed.2d 776 (1986); *B.F. Hirsch v. Enright Refining Co.*, 751 F.2d 628 (3d Cir.1984); *United States v. Computer Sciences Corp.*, 689 F.2d 1181 (4th Cir.1982), *cert. denied*, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 953 (1983); *Haroco, Inc. v. American National Bank & Trust Co.*, 747 F.2d 384 (7th Cir.1984), *aff'd on other grounds*, 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); *Rae v. Union Bank*, 725 F.2d 478 (9th Cir.1984). *Contra United States v. Hartley*, 678 F.2d 961 (11th Cir.1982), *cert. denied*, 459 U.S. 1170, 103 S.Ct. 815, 74 L.Ed.2d 1014 (1983).

The application of that rule to the present case shows that plaintiff's attempt to recover from SGBC as a culpable person under RICO cannot be squared with his characterization of defendant SGBC as the enterprise through which the pattern of racketeering activity was conducted. Nor may ¶ 38(b) be considered an adequate pleading of enterprise. Plaintiff seeks to define the enterprise as an association between SGBC and three of its employees. Yet the acts that plaintiff pleads as those rendering SGBC liable as a culpable person were committed through the very persons which together with SGBC constitute the enterprise pled in ¶ 38(b). Essentially, therefore, ¶ 38(b) suffers from the same defect as ¶ 38(a) and (c) and must be held inadequate under the applicable Eighth Circuit rule. *See Minnesota Odd Fellows Home Foundation v. Engler & Budd Co.*, 630 F.Supp. 797, 800 (D.Minn.1986) (corporation and its employee cannot be enterprise when clear that employee acted as agent of corporation).

■ Moreover, even if an association comprised of a corporation and the employees through which it acts can be said to constitute an enterprise, plaintiff's enterprise pleading must fail for the reason that the enterprise alleged in ¶ 38(b) has no function apart from the fraudulent acts alleged elsewhere in plaintiff's complaint. In *United States v. Lemm*, 680 F.2d 1193, 1198 (8th Cir.1982), *cert. denied*, 459 U.S. 1110, 103 S.Ct. 739, 74 L.Ed.2d 960 (1983), the Eighth Circuit outlined the three basic characteristics of a RICO enterprise: "(1) common or shared purpose; (2) some continuity of structure and personnel; and (3) an ascertainable structure distinct from that inherent in the conduct of a pattern of racketeering." Plaintiff's complaint does not demonstrate that the enterprise defined in ¶ 38(b) has an ascertainable structure distinct from that inherent in the conduct of those activities plaintiff alleges constitute a pattern of racketeering.

In light of the above analysis, we conclude that Count III of plaintiff's amended complaint must be dismissed for failure to adequately plead the existence of an enterprise under 18 U.S.C. § 1962(c). We further note that there is some doubt that plaintiff has adequately alleged a "pattern of racketeering activity" under the applicable precedent. The RICO statute defines "pattern of racketeering activity as one that *requires* at least two acts of racketeering activity." 18 U.S.C. § 1961(5) (emphasis added). The *Sedima* court pointed out that "[t]he implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a pattern." 87 L.Ed.2d 346, 358 n. 14. In its recent decision in *Superior Oil Co. v. Fulmer*, 785 F.2d 252, 257 (8th Cir.1986), the Eighth

Circuit particularly stressed that both continuity and relationship must be present to meet the pattern requirement. In the present case, plaintiff argues that the pattern pleading requirement is met by his allegation in ¶ 37 which incorporates by reference a decision in another case in which SGBC was named as a defendant.[6] We express doubt that the pattern requirement may be met simply by pleading the existence of another case without allegations of facts demonstrating the relatedness of the scheme there involved to the one presently alleged or a showing of continuity. *See Zola v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, [1985–1986 Transfer Binder] Fed.Sec.L.Rep. (CCH) ¶ 92,459 (S.D.N.Y.1986) [Available on WESTLAW, DCTU database]; *Conan Properties, Inc. v. Mattel, Inc.*, 619 F.Supp. 1167 (S.D.N.Y. 1985). However, in view of our holding on the enterprise issue, we need not make a dispositive finding on the adequacy of the alleged pattern.

### III. Rule 9(b)

Finally, defendants have moved to dismiss both Counts II and III for failure to plead with the particularity demanded by Rule 9(b) of the Federal Rules of Civil Procedure. In light of our holdings that this Court lacks personal jurisdiction over the individual defendants and that plaintiff's RICO count fails to state a claim, defendants' particularity argument needs only to be considered with regard to Count II's breach of fiduciary duty claim against SGBC.

We conclude that the claim against SGBC in Count II is adequately pled under Rule 9(b). The allegations comprising the claim, found both in ¶ 24 of Count II and by incorporation of ¶ 11 through 18, are sufficiently specific to afford the corporate defendant ample notice of the claim against it. Accordingly, defendants' motion to dismiss Count II for lack of particularity as to defendant SGBC will be denied. *See Hagstrom v. Breutman*, 572 F.Supp. 692, 697–98 (N.D.Ill.1983) (complaint that sets forth

---

**6.** Plaintiff also incorporates by reference complaints filed in two other cases, alleging that they contribute to the alleged pattern. Amended Complaint ¶ 37(c). However, plaintiff alleg-

the time period, general character of alleged fraud, and identity of accused individuals satisfies Rule 9(b)).

Accordingly, it is

ORDERED (1) that the case should be and is hereby dismissed in its entirety against defendant Tese and defendant Sinclair for lack of personal jurisdiction. It is further

ORDERED (2) that Count III should be and is hereby dismissed with prejudice for failure to state a claim for which relief may be granted. It is further

ORDERED (3) that defendants' motion to dismiss Count II with prejudice as against defendant SGBC should be and is hereby denied.

es no facts connecting those complaints to the present alleged scheme, nor does he argue in his suggestions in opposition that such facts exist.