**Konrad RADASZEWSKI, by Cecilia RADASZEWSKI, his duly appointed guardian of the person and estate, Appellant,**

v.

**CONTRUX, INC.; Dan Leslie Satterfield; Telecom Corporation, Appellees.**

**Flexi Van Leasing, Inc.**

**No. 89–1013.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 13, 1989.

Decided Dec. 13, 1989.

---

Max W. Foust, Kansas City, Mo., for appellant.

W. Dennis Cross, Kansas City, Mo., for appellees.

Before LAY, Chief Judge, HEANEY, Senior Circuit Judge, and FAGG, Circuit Judge.

HEANEY, Senior Circuit Judge.

Konrad Radaszewski appeals from the order of the district court sustaining defendant Telecom Corporation's (Telecom) motion to dismiss for lack of personal jurisdiction. We reverse and remand.

## BACKGROUND

Radaszewski suffered a permanent brain injury when a truck driven by Dan Leslie Satterfield, an employee of Contrux, Inc. (Contrux), struck him by the side of a road in Independence, Missouri. Contrux was a wholly-owned subsidiary of Telecom. Telecom and Contrux both were incorporated under the laws of Texas, but Contrux is insolvent and no longer in good standing. Telecom does no business in Missouri and has no other connections with the state. Radaszewski is a resident of Wisconsin.

Radaszewski originally brought this tort action in Missouri state court. He claims jurisdiction under Missouri's long-arm statute, which provides personal jurisdiction over a foreign defendant who has committed a tort in Missouri. *See* Mo.Ann.Stat. § 506.500 (Vernon Supp.1988). He claims that Telecom's corporate veil should be pierced to attribute the tort of Satterfield, Contrux's agent, to Telecom. Radaszewski alleges that Telecom should be held liable for the tort attributable to Contrux because Telecom was the sole owner of Contrux, Contrux was undercapitalized, and Contrux merely served as Telecom's alter-ego and was not really a separate corporation.

The district court determined that Radaszewski had alleged insufficient facts to show that Contrux and Telecom were not separate corporations. Consequently, Radaszewski had failed to establish a prima facie case that Telecom had committed a tort in Missouri. Because Radaszewski had failed to connect Telecom to Satter-

field's tort, the district court granted Telecom's motion to dismiss for lack of personal jurisdiction.

Radaszewski moved the district court to reconsider its order of dismissal because he had been unable to obtain discovery sufficient to establish the factual basis necessary for an exercise of personal jurisdiction. In the alternative, Radaszewski moved that the order of dismissal be designated immediately appealable pursuant to 28 U.S.C. § 1292(b) (1982), because his claim involves a controlling issue of law about which substantial ground for difference of opinion exists. Concluding that an immediate appeal might materially advance the ultimate termination of the litigation, the district court granted Radaszewski's alternative motion. This appeal ensued.

## ANALYSIS

Determining the propriety of an exercise of personal jurisdiction over a foreign defendant is a two-step process. *Hanline v. Sinclair Global Brokerage Corp.*, 652 F.Supp. 1457, 1458 (W.D.Mo.1987). The court must determine whether the exercise comports with the requirements of the long-arm statute of the state in which it sits. *See Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 653 (8th Cir. 1982). The court also must ensure that sufficient minimum contacts exist between the defendant and the forum state for the exercise of jurisdiction not to offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

The Missouri long-arm statute permits personal jurisdiction over a foreign defendant who has committed a tortious act within the state. *See* Mo.Ann.Stat. § 506.500.1(3) (Vernon Supp.1988). This statute has withstood constitutional challenge. *See State ex rel. Deere & Co. v. Pinnell*, 454 S.W.2d 889, 892–93 (Mo.1970) (en banc).

Telecom removed the case to the federal district court for the Western District of Missouri, and then moved for dismissal for

lack of personal jurisdiction. Telecom argued that because it did no business in Missouri and because Contrux was a separate corporation, torts attributable to Contrux did not suffice to extend personal jurisdiction over Telecom under Missouri's long-arm statute.

Ordinarily, Missouri law will protect the separate legal identities of two corporations, even when one corporation owns a part or all of the other. *Collet v. American Nat'l Stores, Inc.*, 708 S.W.2d 273, 283 (Mo.Ct.App.1986). If one corporation exercises such control over the other that the latter becomes a mere alter ego of the first, however, and if the formal corporate separateness and arrangements between the two corporations are used to achieve fraud, injustice, or an unlawful purpose, a court may ignore the separate formal corporate structures and "pierce the corporate veil" of the controlling corporation. *Id.* at 284.

Missouri courts have established three requirements for piercing the corporate veil. First, the party seeking to prove that two corporations are not separate entities must show control by one corporation over the other. *Id.* (citing *National Bond Finance Co. v. General Motors Corp.*, 238 F.Supp. 248, 255 (W.D.Mo.1964)). "Control" in this context means "complete domination, not only of finances, but of policy and business practice in respect to the transaction attacked so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own." *Id.* Second, such control must have been used to commit fraud, wrong, a violation of a statutory or other legal duty, or a dishonest and unjust act in contravention of plaintiff's legal rights. *Id.* Finally, the control and breach of duty must have proximately caused the injury of which plaintiff complains. *Id.*

Radaszewski alleged that Telecom solely owned Contrux, that Telecom controlled and manipulated Contrux, that Contrux was too inadequately capitalized to function properly, that Telecom and Contrux shared common officers and directors, that Telecom maintained Contrux's licenses to do business in various states, that Telecom prepared and paid Contrux's taxes, and that Telecom directed Contrux's day-to-day business affairs. Thus, Radaszewski pleaded sufficient facts to satisfy the first requirement for piercing the corporate veil. *See Collet,* 708 S.W.2d at 284.

The district court found that Radaszewski had failed to establish that Telecom used Contrux to commit fraud, to breach a legal duty, or to violate Radaszewski's legal rights. Radaszewski alleged that Contrux was undercapitalized when incorporated and remained undercapitalized throughout its life. Missouri courts will disregard the existence of a corporate entity that is operated while undercapitalized. *Grote Meat Co. v. Goldenberg,* 735 S.W.2d 379, 387 (Mo.Ct.App.1987) (citing *Collet v. American Nat'l Stores, Inc.,* 708 S.W.2d 273, 286–87 (Mo.Ct.App.1986)). Defendant Telecom, however, denied the allegation that Contrux was undercapitalized.

The matters on which Radaszewski sought discovery from Telecom included Contrux's capitalization. Telecom initially moved to suspend discovery pending the district court's ruling on its motion to dismiss for lack of personal jurisdiction. The district court denied the motion to suspend discovery on June 14, 1988. It ordered the claim dismissed on August 23, 1988. Because the district court concluded that discovery should have been proceeding between June 14 and August 23, 1988, it denied Radaszewski's subsequent motion to reconsider the dismissal based on Radaszewski's inability to obtain discovery sufficient to establish the facts necessary to provide personal jurisdiction.

The district court apparently concluded that further discovery would not enable Radaszewski to obtain evidence sufficient to establish personal jurisdiction because Telecom had served its answers to Radaszewski's opening interrogatories on August 18, 1988. As Radaszewski notes, however, Telecom's answers consisted primarily of objections to every substantive discovery request that Radaszewski had propounded. Following entry of the district court's order of dismissal, Telecom informed Radaszew-

ski that, in view of the court's order, it would provide no discovery.

Because only four days elapsed between Telecom's serving answers to Radaszewski's interrogatories and the district court's dismissal of the claim, Radaszewski had little realistic opportunity to ascertain through additional discovery whether Contrux had in fact been undercapitalized. We therefore remand the case to the district court with instructions to allow Radaszewski 60 days additional discovery to try to ascertain facts in support of his allegation that Contrux was undercapitalized throughout its existence. Should Radaszewski ascertain such facts, he also will have to show that Telecom's control of Contrux and Contrux's undercapitalization proximately caused his injury in order for the district court to exercise personal jurisdiction over Telecom. *See* Mo.Ann.Stat. § 506.500 (Vernon Supp.1988); *Collet*, 708 S.W.2d at 284.

We reverse the order of the district court dismissing Radaszewski's claim and remand the case for further proceedings consistent with this opinion.